316 So.2d 537 (1975)
Paul Eugene OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 45705.
Supreme Court of Florida.
July 10, 1975.
James A. Gardner, Public Defender, and Ellen Condon, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., for appellee.
ENGLAND, Justice.
This case is here on appeal from a decision of the Second District Court of Appeal, reported at 294 So.2d 693. Since the district court initially and directly passed on the validity of Section 775.082(1), Florida Statutes, we have jurisdiction for review.[1]
Appellant pled guilty to a charge that he had raped a female under eleven years old in violation of Section 794.01(1), Florida Statutes, after which he was adjudicated guilty and sentenced to life imprisonment. In reviewing his conviction and sentence, the district court upheld the constitutionality of Section 775.082(1), which provides that a person convicted of a capital felony shall serve no less than 25 years in prison before becoming eligible for parole.[2]
*538 The only question presented for our review is the constitutional one passed on below. Appellant contends the law is invalid because the legislature has usurped parole authority, alleged to be a function of the executive branch of government. However the exercise of parole authority is characterized for separation of powers purposes, the authority is only exercisable to the extent it has been conferred. No parole authority has been conferred with respect to the first 25 years of incarceration of one convicted of a capital felony. For that reason, we disagree with appellant's suggestion that the law is invalid.[3]
The Florida Constitution (1968) expressly provides that the legislature may create a parole and probation commission having power to grant paroles.[4] The legislature exercised this power in chapter 947, Florida Statutes (1973). Appellant contends, however, that having created a Parole and Probation Commission with full parole powers for all criminal offenses, the legislature may not limit its powers by a statute outside that chapter which prescribes a minimum sentence for one class of crimes. The complete answer to appellant's contention is that the legislature expressly reserved this power in its creation of the Commission.[5]
For the reasons well expressed by the First District Court of Appeal,[6] we reject appellant's contention and hold that this statute does not violate Florida's constitutional scheme for the separation of powers.[7] Appellant's sentence to life imprisonment under Section 775.082(1), Florida Statutes, is affirmed.
ADKINS, C.J., and ROBERTS, BOYD, McCAIN and OVERTON, JJ., concur.
NOTES
[1] Fla. Const. art. V, § 3(b)(1) (1972).
[2] The same result on the same legal question was reached in Owens v. State, 300 So.2d 70 (1st Dist.Ct.App.Fla.), appeal dismissed, 305 So.2d 203 (Fla. 1974), involving another individual whose trial resulted in conviction for the same offense.
[3] We recently upheld the constitutionality of minimum prison time, as expressed in Section 775.082(1), against an identical separation of powers attack. Dorminey v. State, 314 So.2d 134 (Fla. 1975).
[4] Fla. Const. art. IV, § 8(c). Although article IV of the constitution deals with the executive branch, the placement of a legislative power in one subsection of that article does not render the delegated power nugatory. The placement is functional, as with executive powers conferred in the judicial article (art. V, § 11) and in the legislative article (art. III, § 8).
[5] Section 947.16(1), Fla. Stat. (1973).
[6] Owens v. State, 300 So.2d 70, 72 (1st Dist. Ct.App.Fla.) appeal dismissed, 305 So.2d 203 (Fla. 1974). In presenting materials and arguments relative to modern penology's approach to the rehabilitation of criminals, appellant has really asked us to breach the separation of constitutional powers by usurping the acknowledged legislative function of prescribing punishments for crimes.
[7] We have considered appellant's "due process" argument and find it to be without merit.