McNULTY, Judge,
dissenting.
I would agree that no reversible error appears in the record of the trial and that the judgment of guilt herein should stand. But as noted, appellant urges that the mandatory minimum twenty-five year imprisonment without eligibility for parole provision of our first degree murder statute[1] is unconstitutional as violative of the Eighth Amendment to the U. S. Constitution which proscribes cruel and unusual punishment.[2] I think she’s right.
The facts of this case, while technically sufficient to support a verdict of guilt of premeditated murder, prima facie cry out for the further invocation of mercy and mitigation of punishment apart from sparing appellant from death. Under the statute this is impossible.
At some point in the sphere of crime and punishment the currently evolved, prevalent sensitivities of society to the severity of a prescribed punishment must be cranked in.[3] A mandatory minimum six months to a given number of years sentence is unquestionably, under current social sensitivities, constitutionally tolerable as is, most likely, a mandatory minimum of two, three or even five year sentence without hope of parole. But in my view, a twenty-five year sentence, without hope of parole for such period and without discretion to consider and give effect to strong mitigating factors as they relate to current standards of decency, retribution and mercy, transcends constitutional tolerance under *852 the same rationale upon which the United States Supreme Court relied in voiding a mandatory, nondiscretionary death sentence in Woodson v. North Carolina.[4]
I would, accordingly, affirm the judgment/of guilt but would strike as void that portion of the sentence imposing a minimum twenty-five year imprisonment without eligibility for parole.

. Sec. 782.04, Fla.Stat. (1975) as read in pari materia with Sec. 775.082(1), Fla.Stat. (1975).

. This is a different constitutional argument than that which was rejected by our Supreme Court in Owens v. State, 316 So.2d 537 (Fla. 1975) and in Dorminey v. State, 314 So.2d 134 (Fla.1975). In both those cases the assault on the statute’s validity was predicated on the contention that the restriction on the parole powers of the executive branch of government was a void usurpation by the legislature of an executive function contrary to the doctrine of separation of powers.

.See the plurality opinion of the United States Supreme Court in Woodson v. North Carolina, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976).

. Id.