438 So.2d 1 (1983)
Ronald Gene PALMER, Petitioner,
v.
STATE of Florida, Respondent.
No. 62,449.
Supreme Court of Florida.
September 1, 1983.
Rehearing Denied October 19, 1983.
*2 Richard L. Jornadby, Public Defender and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
This case is before us to review a decision of the Fourth District Court of Appeal, Palmer v. State, 416 So.2d 878 (Fla. 4th DCA 1982). We quash that portion of the district court's opinion allowing the imposition of cumulative three-year mandatory minimums for each of thirteen consecutive sentences arising from the same criminal episode.
On July 28, 1979 Ronald Gene Palmer walked into an Oakland Park funeral parlor during a wake, held a revolver to the head of the assistant funeral director, and ordered him to inform the twenty-five to thirty mourners present that a robbery was taking place. Brandishing the pistol, Palmer ordered the mourners to throw their money and valuables on the floor and threatened to kill them if they failed to comply. He also forced the assistant director to open the funeral home cash box. After fifteen to twenty minutes, and having stuffed the mourners' cash and wallets into his pockets and waistband, Palmer left the funeral home. He was apprehended almost immediately by police responding to a call from mourners who had managed to sneak out a side door of the funeral home without being noticed. Police returned Palmer to the funeral home where those he had just victimized identified him as the robber.
After trial, during which defense counsel's argument centered on Palmer's state of mind at the time he committed the acts charged, a Broward County jury convicted Palmer on all counts of a sixteen-count information. The trial court sentenced Palmer to seventy-five years' imprisonment on each of thirteen robbery counts, the sentences to run consecutively for a total of 975 years. The court also imposed the mandatory minimum of three years on each robbery count for a total of thirty-nine years. On counts of aggravated assault and carrying a concealed firearm Palmer received sentences of five years for each, consecutive to each other and to the robbery counts. The trial court retained jurisdiction on all fifteen sentences for a total of 328 1/3 years of the total 985-year sentence. On appeal the fourth district affirmed all aspects of the convictions and sentences, except that it reversed the retention of jurisdiction over one-third of the sentence for carrying a concealed weapon.
*3 We are primarily concerned with the issue of whether the trial court erred in imposing three-year mandatory minimums on each of thirteen consecutive sentences, for a total of thirty-nine years without eligibility for parole. We conclude that this portion of the sentences imposed constitutes reversible error.
Subsection 775.087(2), Florida Statutes (1981), provides that any person who had in his possession a firearm during the commission of certain specified felonies, including robbery, shall be sentenced to a minimum term of imprisonment of three calendar years. Subsection 775.021(4), Florida Statutes (1981), requires separate sentences for separate offenses[1] arising from a single criminal transaction or episode and allows the trial court to order the sentences served concurrently or consecutively. The state contends that these two sections, when read in pari materia, allow the "stacking" of consecutive mandatory three-year minimum sentences. We disagree.
We rely in part upon a fundamental rule of statutory construction, i.e., that criminal statutes shall be construed strictly in favor of the person against whom a penalty is to be imposed. Ferguson v. State, 377 So.2d 709 (Fla. 1979). We have held that "`nothing that is not clearly and intelligently described in [a penal statute's] very words, as well as manifestly intended by the Legislature, is to be considered as included within its terms.'" State v. Wershow, 343 So.2d 605, 608 (Fla. 1977), quoting Ex Parte Amos, 93 Fla. 5, 112 So. 289 (1927). This rule of construction has, in fact, been codified as part of the very statute on which the state relies.[2] Nowhere in the language of section 775.087 do we find express authority by which a trial court may deny, under subsection 775.087(2), a defendant eligibility for parole for a period greater than three calendar years.
The Florida Constitution delegates exclusively to the executive branch the power to grant paroles or conditional releases to persons under sentences for crime. Art. IV, § 8(c), Fla. Const. It is true that we have previously rejected attacks on the constitutionality of statutes requiring that those persons convicted of certain offenses serve X number of years without eligibility for a parole. In Owens v. State, 316 So.2d 537 (Fla. 1975), we held that the statute mandating a minimum sentence of twenty-five years without eligibility for parole, upon conviction of a capital felony, did not usurp the power of the Parole and Probation Commission, nor did it violate Florida's constitutional scheme for separation of powers. Id. at 538. The statute under consideration sub judice was upheld against a similar constitutional attack in Scott v. State, 369 So.2d 330 (Fla. 1979). In Owens and Scott, however, the sentences imposed, with no possibility of parole, were for exactly the term of years expressly authorized by statute. Palmer, on the other hand, was sentenced to thirty-nine years, without eligibility for parole, based on a statute expressly authorizing denial of eligibility for parole for only three years.
As we noted in Owens, the legislature reserved to itself, at the time it created the Parole and Probation Commission, the power to proscribe consideration for parole for those convicted of certain statutorily designed classes of crime. In the present case the state contends, in essence, that subsections 775.021(4) and 775.087(2), when read in pari materia, amount to a delegation of the parole authority to the trial court, whereby, in the exercise of its discretion, it may deny parole for three years multiplied by the number of separate offenses of which a defendant is convicted. We do not believe the legislature intended such a result as the sentence under review *4 here when it added subsection (4) to section 775.021. In any event we are unwilling to construe these two statutes in such a way as to allow the imposition of any sentence without eligibility for parole greater than three calendar years. By this holding, we do not prohibit the imposition of multiple concurrent three-year minimum mandatory sentences upon conviction of separate offenses included under subsection 775.087(2), nor do we prohibit consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places. See Vann v. State, 366 So.2d 1241 (Fla. 3d DCA 1979).
We find no other reversible error. The cause is remanded to the district court with directions to remand to the trial court to correct the sentences so that the thirteen mandatory minimum sentences will be served concurrently.
It is so ordered.
ADKINS, OVERTON and SHAW, JJ., concur.
ALDERMAN, C.J., dissents with an opinion, in which BOYD and EHRLICH, JJ., concur.
ALDERMAN, Chief Justice, dissenting.
The trial court, in my view, properly imposed three-year mandatory minimums on each of the thirteen robbery counts for which Palmer was convicted, with the mandatory minimums to run consecutively. Since separate sentences for the separate robbery offenses are proper, I find no basis for barring these separate mandatory minimums.
Reading section 775.087(2), Florida Statutes (1981), providing that a person who had a firearm in his possession during the commission of a robbery shall be sentenced to a minimum of three years imprisonment, in conjunction with section 775.021(4), Florida Statutes (1981), requiring separate sentences for separate criminal offenses with the trial judge making the determination as to whether these sentences are to be served concurrently or consecutively, I can only conclude that the legislature intended separate mandatory minimum sentences which could run consecutively for separate offenses. Had Palmer committed thirteen robberies at thirteen separate houses, there would be no question that he could receive thirteen separate, consecutive, three-year mandatory minimum sentences. He should not be entitled to less than this merely because he committed the thirteen separate robberies in the same criminal episode. Certainly a defendant who commits multiple crimes should be punished more severely than one who commits only one crime. The legislature did not intend that crime be "cheaper by the dozen."
The constitution does not proscribe consecutive, three-year mandatory minimums in the present case. Section 775.021(4) requires separate sentences and gives the trial court the discretion to determine whether they are to be served consecutively. I would approve the decision of the district court affirming these sentences.
BOYD and EHRLICH, JJ., concur.
NOTES
[1] The current statute reads as follows:

(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
[2] § 775.021(1), Fla. Stat. (1981).