461 So.2d 234 (1984)
Alton Ray THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. AW-424.
District Court of Appeal of Florida, First District.
December 20, 1984.
Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Thomas appeals from two concurrent sentences of 48 months in prison. He contends the reasons given by the trial court for departing from the sentencing guidelines are not clear and convincing. We agree, vacate the sentences, and remand for resentencing within the guidelines.
Thomas was charged with burglary of a dwelling and grand theft, the crimes occurring on 30 August 1983. He pleaded guilty to both charges and affirmatively selected guidelines sentencing.
*235 At the sentencing hearing, Thomas admitted breaking into Mr. and Mrs. Amos' house in Jacksonville on the night of 30 August 1983, and stealing some coins. He denied being in the house when Mrs. Amos returned home, however.
Mrs. Amos testified she returned home around 9:00 p.m. on 30 August 1983. She heard a noise. Later, as she was preparing to go to bed, she noticed her bedspread had been pulled underneath the bed. Believing someone was hiding under the bed, she ran out of the house. Mrs. Amos testified some jewelry and her husband's coin collection were stolen. Mr. Amos testified his coin collection was stolen.
The recommended range under the guidelines was 12 to 30 months incarceration. The trial court instead imposed two concurrent 48-month sentences. Defense counsel did not object to this departure after the sentence was pronounced.
The written reasons given by the trial court for departing from the guidelines are:
1) The defendant's attitude as reflected in the attached Presentence Investigation indicates the defendant felt he could make a better living by stealing than by working.
2) The victims in this case were friends of the defendant.
3) The breaking into the dwelling was at night.
4) The items stolen belonged to an invaluable coin collection.
5) The defendant, during the course of the Burglary, concealed himself under the bed and fled after the victim had entered her home thereby terrorizing the citizen.
The State contends the question of whether the reasons for departure are clear and convincing is not preserved for review because Thomas did not object to departure at sentencing. This contention is without merit because this issue is appealable as a matter of right. Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984).
Although none of the reasons for departure reflects facially impermissible considerations, neither are any of the reasons clear and convincing given the facts of the case before us. The record reflects a burglary and theft which, vile as they may be, were perpetrated in a quite common manner.
We are mindful that sentencing remains largely discretionary, and that the scope of our review is limited to a determination of whether the trial court abused its discretion. Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984). But where, as here, none of the reasons given by the trial court clearly and convincingly shows why the defendant should receive a more severe sentence than that recommended by the guidelines, we must conclude the trial court erred in departing from the sentencing guidelines.
The sentences are vacated, and the case remanded for resentencing within the guidelines.
SHIVERS and WENTWORTH, JJ., concur.