464 So.2d 259 (1985)
Ernesto SUAREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1283.
District Court of Appeal of Florida, Second District.
March 6, 1985.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant was convicted of three armed robberies arising out of one criminal episode and was sentenced to three consecutive life sentences. Those sentences improperly included three 3-year minimum mandatory terms to be served consecutively. Palmer v. State, 438 So.2d 1 (Fla. 1983). We remand for correction of the sentences so that the minimum mandatory sentences will be served concurrently.
The rationale of the Palmer majority opinion proscribing consecutive mandatory minimum sentences for one criminal episode *260 was based on the perceived legislative intent that an incarcerated defendant should not be denied under section 775.087(2), Florida Statutes (1981), "eligibility for parole for a period greater than three calendar years." Palmer, 438 So.2d at 3. However, subsequent to Palmer, section 921.001(8), Florida Statutes (1983), came into effect which rendered parole unavailable to persons, like defendant here, who were "convicted of crimes committed on or after October 1, 1983, or any other person sentenced pursuant to sentencing guidelines under this section," i.e., section 921.001(4)(a). See Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985) (retention of jurisdiction over a defendant's sentence is improper for a defendant sentenced under the guidelines because the purpose of retention  to prohibit parole for a period of time  no longer obtains as parole is unavailable to a defendant sentenced under the guidelines.)
Therefore, we certify to the Florida Supreme Court the following question to be of great public importance:
IS THE PROHIBITION AGAINST CONSECUTIVE MANDATORY MINIMUM SENTENCES ARISING OUT OF ONE CRIMINAL EPISODE AS ESTABLISHED BY PALMER V. STATE, 438 So.2d 1 (FLA. 1983), OPERATIVE WITH RESPECT TO A DEFENDANT SENTENCED UNDER THE GUIDELINES?
Reversed and remanded for proceedings consistent herewith.
RYDER, C.J., and OTT and LEHAN, JJ., concur.