471 So.2d 1295 (1985)
Anthony Lawrence WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-996.
District Court of Appeal of Florida, Fifth District.
May 30, 1985.
Rehearing Denied July 3, 1985.
*1296 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Anthony Wright contends that this case should be reversed and remanded for a new trial because the trial court did not utilize the test outlined in State v. Neil, 457 So.2d 481 (Fla. 1984), regarding a party's use of peremptory challenges.
In Neil, the Florida Supreme Court explained that:
Although we hold that Neil should receive a new trial, we do not hold that the instant decision is retroactive. The difficulty of trying to second-guess records that do not meet the standards set out herein as well as the extensive reliance on the previous standards make retroactive application a virtual impossibility. Even if retroactive application were possible, however, we do not find our decision to be such a change in the law as to warrant retroactivity or to warrant relief in collateral proceedings as set out in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).
457 So.2d at 488.
The Third District, in Jones v. State, 466 So.2d 301 (Fla. 3d DCA 1985), and the Fourth District, in Franks v. State, 467 So.2d 400 (Fla. 4th DCA 1985), have applied Neil to "pipeline" cases. Because of specificity of the language of Neil set out above, we do not come to the same conclusion. The court in Neil gave as its reason for not applying the decision retroactively, "the difficulty of trying to second-guess records that do not meet the standards set out herein as well as the extensive reliance on the previous standards ..." (emphasis added). Since these reasons apply equally to "pipeline" cases as to cases tried and appeals completed before the decision in Neil was announced, it is our conclusion that the supreme court intended Neil to apply only to those cases going to trial subsequent to Neil.
In the instant case, the trial predated the decision in Neil and the test described there was not available to the trial court.[1]
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] It should be noted that the state attorney explained to a degree his reasons for peremptorily challenging the two black members of the venire. In view of our conclusion that Neil does not require its test to be applied retroactively, we do not review the sufficiency of the state attorney's explanation.