470 So.2d 31 (1985)
George Allen McGouirk, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-362.
District Court of Appeal of Florida, First District.
May 13, 1985.
As Corrected on Denial of Rehearing June 18, 1985.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
MILLS, Judge.
McGouirk has filed a timely motion for rehearing alleging that our opinion of 13 May 1985 affirming the trial court's imposition of consecutive minimum mandatory sentences overlooked Palmer v. State, 438 So.2d 1 (Fla. 1983), which held such sentences impermissible. Because the application of the Palmer decision was not specifically discussed in our previous opinion, that opinion is withdrawn and the following substituted therefor.
*32 McGouirk appeals a sentence imposed outside the sentencing guidelines. He also contends that the trial court erred in imposing consecutive minimum mandatory sentences. We affirm.
First of all, we reject the State's contention that McGouirk did not properly preserve the guidelines issue for appeal by contemporaneously objecting to his sentence. See Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984); Thomas v. State, 461 So.2d 234 (Fla. 1st DCA 1984).
We further find that the reason expressed by the court for its departure, that the crime was "grotesque," showing "utter disregard for human [life]," is clear and convincing. See Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984) (the nature of the crime can be considered as a reason for departure).
The trial court did not err in imposing consecutive mandatory minimum sentences under Sections 775.087(2) and 790.161(3), Florida Statutes (1983). McGouirk alleges that such sentences were rendered impermissible by Palmer v. State, supra. However, the rationale behind this decision was that, because eligibility for parole was proscribed for the period of the mandatory sentence, "stacking" such sentences would result in parole ineligibility for a longer period than intended by the legislature. Such a concern does not exist when sentence is imposed using the guidelines, because parole is not available for persons sentenced thereunder. See Rule 3.701(b)(5), Florida Rules of Criminal Procedure.
Therefore, because the rationale of the Palmer decision renders it inapplicable when sentencing under the guidelines, we find that it does not operate to forbid the consecutive mandatory minimum sentences imposed in this case.
AFFIRMED.
NIMMONS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.