487 So.2d 1088 (1986)
Elbert Roy SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 85-877.
District Court of Appeal of Florida, Fifth District.
March 20, 1986.
Rehearing Denied April 30, 1986.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from the sentences imposed,[1] contending that because only one criminal episode was involved, the trial court erred in imposing consecutive minimum mandatory sentences for three of the five crimes charged, relying on Palmer v. State, 438 So.2d 1 (Fla. 1983). See also State v. Ames, 467 So.2d 994 (Fla. 1985). We find no error and affirm.
Following the remand of this case for a new trial[2] because of prejudicial error in the selection of the jury, Smith pled guilty to two separate charges of sexual battery while armed, one charge of burglary of a dwelling while armed, one charge of robbery with a firearm, and one charge of shooting into a dwelling. The court imposed separate and concurrent sentences for the sexual battery charges applying to each the mandatory minimum provision of section 775.087(2), Florida Statutes because *1089 of the firearm; consecutive sentences for the armed burglary and armed robbery charges (with consecutive mandatory minimum terms for each) and a concurrent sentence on the charge of shooting into an occupied dwelling.
Appellant raised the identical point in the prior appeal where the same issue had been presented. There we said:
Appellant also contends that the trial court erred in imposing consecutive mandatory minimum sentences for each of the crimes for which defendant was convicted because the multiple offenses arose out of a single episode. He relies on Palmer v. State, 438 So.2d 1 (Fla. 1983) as support for that position. While Palmer did reverse the imposition of consecutive mandatory minimum sentences in that case because the separate robbery victims were all robbed at the same time and place, the court specifically observed that it was not prohibiting consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places. 438 So.2d at 4. Here, each crime was separate, occurring after a distinct time interval. Each sexual battery occurred at a different place. The intent to commit the robbery does not appear to have been formed until long after the sexual batteries took place. The shooting of the dog, however, does appear to be the direct continuation of the burglary, committed as soon as defendant entered the premises, so under Palmer, it would be error to impose mandatory minimum sentences for both of these crimes. Otherwise, we find no error in the imposition of the sentences.
463 So.2d at 546.
This point has already been decided adversely to appellant's position. Although appellate courts do have the power to reconsider and correct erroneous rulings, Strazzula v. Hendrick, 177 So.2d 1 (Fla. 1965), this reconsideration is warranted only in exceptional circumstances and where reliance on the prior opinion would result in manifest injustice. Preston v. State, 444 So.2d 939 (Fla. 1984). No such showing is made here. Our previous decision correctly decided this issue and the trial judge followed it in resentencing the appellant.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] The crimes were committed prior to the adoption of the sentencing guidelines, and the record reflects that defendant specifically declined to be sentenced under the guidelines.
[2] Smith v. State, 463 So.2d 542 (Fla. 5th DCA 1985).