485 So.2d 1283 (1986)
STATE of Florida, Petitioner,
v.
Ernesto SUAREZ, Respondent.
No. 66789.
Supreme Court of Florida.
April 10, 1986.
Jim Smith, Atty. Gen. and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and John T. Kilcrease, Jr., Asst. Public Defender, Tenth Judicial Circuit, Bartow, for respondent.
McDONALD, Justice.
The Second District Court of Appeal has certified the following question as one of great public importance:
Is the prohibition against consecutive mandatory minimum sentences arising out of one criminal episode as established by Palmer v. State, 438 So.2d 1 (Fla. 1983), operative with respect to a defendant sentenced under the guidelines?
Suarez v. State, 464 So.2d 259, 260 (Fla. 2d DCA 1985).[*] This Court has jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. Although in Palmer we stressed the effect of consecutive mandatory minimum sentences upon parole eligibility, such sentences also can markedly restrict the accrual of gain time under the sentencing guidelines. Accordingly, Palmer is still operative under the guidelines. Therefore we answer the certified question in the affirmative and approve the opinion of the district court.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[*] This Court has previously affirmed petitioner's death sentence in an unrelated case and thus the certified question is moot as to him. See Suarez v. State, 481 So.2d 1201 (Fla. 1985). We choose, however, to answer the question due to its importance to sentencing under the sentencing guidelines.