485 So.2d 1283 (1986)
STATE of Florida, Petitioner,
v.
Johnny L. JONES, Respondent.
No. 66965.
Supreme Court of Florida.
April 10, 1986.
*1284 Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., and Janet Reno, State Atty., Eleventh Judicial Circuit, Miami, for petitioner.
A. John Goshgarian and Howard Hochman of the Law Offices of A. John Goshgarian, Miami, for respondent.
McDONALD, Justice.
We have for review Jones v. State, 466 So.2d 301 (Fla.3d DCA 1985), because of conflict with Wright v. State, 471 So.2d 1295 (Fla. 5th DCA 1985), over the retroactive application of State v. Neil, 457 So.2d 481 (Fla. 1984). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and we approve the result reached in Jones.
A jury convicted Jones of grand theft. During jury selection the state used five of its six peremptory challenges to remove the five black prospective jurors questioned on voir dire. Each of these had declared that he or she could be fair and impartial and demonstrated no reluctance to sit on the jury. No apparent reason, other than color, for their removal exists. The defense made appropriate and timely objections as prescribed by Neil. The state failed to explain any basis for the exercise of its peremptory challenges. Defense counsel continued to object to the exclusion of blacks from the jury and refused to accept the jury. The defendant adequately fulfilled his part of the required procedure specified in Neil.
Jones should have the benefit of our ruling in Neil. Had Jones' case arrived here first it would be decided the same way as Neil because his contention was the same as Neil's. In any event we generally apply the law as it exists at the time of appeal. Dougan v. State, 470 So.2d 697, 701 (Fla. 1985); Lowe v. Price, 437 So.2d 142 (Fla. 1983). Our statement in Neil that it was to have no retroactive application was intended to apply to completed cases.
We do not discuss the circumstantial evidence issue referred to in the district court's opinion. That court's finding that Jones is entitled to a new trial is approved.
It is so ordered.
BOYD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J., dissents.