493 So.2d 1016 (1986)
George Allen McGOUIRK, Petitioner,
v.
STATE of Florida, Respondent.
No. 67472.
Supreme Court of Florida.
September 4, 1986.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, *1017 Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
In McGouirk v. State, 470 So.2d 31 (Fla. 1st DCA 1985), the First District affirmed the defendant's sentence imposed in excess of the recommended guidelines sentence and the trial court's imposition of consecutive mandatory minimum sentences for separate offenses arising out of a single criminal episode. We find jurisdiction based on conflict, article V, section 3(b)(3), Florida Constitution, and quash the opinion here under review.
In an effort to kill one member of a six-person family, petitioner McGouirk placed a homemade time bomb underneath the family's house trailer. The resulting explosion destroyed the intended victim's bedroom, and resulted in injury to another member of the family. A jury subsequently convicted petitioner of one count of attempted first-degree murder, two of attempted manslaughter, and one of placing a destructive device in violation of section 790.161, Florida Statutes (1983).
The trial court sentenced petitioner to fifteen years on the attempted murder conviction, including a three-year mandatory minimum under section 775.087(2), Florida Statutes (1983); five years on each count of attempted manslaughter, to run concurrently with the first sentence; and a consecutive fifteen years for placing the destructive device, including a ten-year mandatory minimum imposed therefor under section 790.161(3). The trial court justified its imposition of the thirty-year sentence rather than the fifteen years recommended for the aggregate offense under the guidelines by noting the grotesque nature of the crime, the utter disregard for human life involved, and the lengthy premeditation preceding the act.
The district court subsequently affirmed both the consecutive mandatory minimum sentences and the departure from the sentencing guidelines. Petitioner contends that the court erred in both respects. We agree.
First, we find the imposition of consecutive mandatory minimums arising from the single criminal act of placing the bomb improper. Palmer v. State, 438 So.2d 1 (Fla. 1983); State v. Ames, 467 So.2d 994 (Fla. 1985). Because the convictions simply did not arise "from separate incidents occurring at separate times and places," Palmer, 438 So.2d at 4, the mandatory minimums must be imposed concurrently rather than consecutively.
We additionally find error in the district court's treatment of our decision in Palmer. The court found the decision inapplicable to sentencing under the guidelines. Reasoning that "the rationale behind [Palmer] was that, because eligibility for parole was proscribed for the period of the mandatory sentence, `stacking' such sentences would result in parole ineligibility for a longer period than intended by the legislature," 470 So.2d at 32, and noting the inapplicability of parole to sentences imposed under the guidelines, Florida Rules of Criminal Procedure 3.701(b)(5), the court found no remaining bar to the imposition of consecutive rather than concurrent mandatory minimums.
We recently held to the contrary, and affirmed the vitality of the Palmer analysis under the guidelines in State v. Suarez, 485 So.2d 1283 (Fla. 1986). The prohibition against such consecutive sentences arising out of a single criminal episode, as established by Palmer and its progeny, still applies in full force.
Finally, we find impermissible the justifications for departure from the guidelines provided by the trial court in this case. In imposing a consecutive fifteen-year sentence for placing and discharging a destructive device, thus departing from the guidelines, the court wrote the following comments as justification: "[t]he crime is so grotesque  showing an utter disregard for human [life]  his long period of deliberation *1018 before committing this act clearly demonstrates this disregard."
These reasons for departure, we believe, impermissibly duplicate an inherent component of the crime. Section 790.161 criminalizes the placing or discharging of any destructive device "with intent to do bodily harm to any person." Because the legislature has defined the crime as including such intent, a conviction under the statute will necessarily involve a disregard for human life. Similarly, the placing of any such bomb will inevitably reflect a high level of premeditation. The justifications are therefore impermissible under our decisions of State v. Mischler, 488 So.2d 523 (Fla. 1986), and State v. Cote, 487 So.2d 1039 (Fla. 1986).
In defining the crime and prescribing the punishment therefor, the legislature has taken into account its heinous nature and its potentially devastating consequences. To allow departure based on these inherent components of the crime, therefore, would sanction an arbitrary and case-to-case sentencing based on identical acts and thus frustrate the guidelines' purpose.
We therefore quash the opinion under review and remand the cause for further proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.