BARFIELD, Judge. ,
Henry Joseph Smith appeals from a judgment and sentence, raising several issues for review. The State concedes that the trial court erred in scoring two life felonies as primary offenses at conviction when Smith was convicted of kidnapping with a firearm under count IV, a life felony, and simple kidnapping under count V, a first-degree felony punishable by life. Count V should have been scored as an additional offense at conviction. The State also concedes that the trial court erred in convicting Smith of a second-degree felony and imposing a 15-year prison sentence for aggravated assault with a firearm under count III of the amended information. Aggravated assault is a third-degree felony which carries a maximum penalty of 5 years imprisonment. Sections 784.021(2) and 775.082(3)(d), Fla.Stat. (1987). Finally, the State concedes that the trial court erred in imposing consecutive minimum mandatory sentences totalling 18 years, (3 years on counts II and IV consecutive to 15 years on count X), for crimes which were committed in a single criminal episode. See Murray v. State, 491 So.2d 1120 (Fla.1986); Palmer v. State, 438 So.2d 1 (Fla.1983); Hogan v. *974 State, 529 So.2d 1127 (Fla. 1st DCA 1988); Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986).
Correction of the first two sentencing errors would change the composite guidelines score and recommended sentencing range. We vacate these sentences and remand for resentencing. We note that, upon remand, the trial court may impose a departure sentence based upon proper written reasons. See Roberts v. State, 547 So.2d 129 (Fla.1989). We also remand this case with directions that the trial court correct the third sentencing error. We otherwise affirm the remaining issues raised by Smith on appeal. ,
REVERSE and REMAND for resentenc-ing.
THOMPSON and ZEHMER, JJ„ concur.