564 So.2d 523 (1990)
James McDONALD, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2907.
District Court of Appeal of Florida, First District.
June 18, 1990.
*524 Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
No appearance for appellee.
WIGGINTON, Judge.
Appellant appeals his convictions and sentences for multiple offenses committed in a single criminal episode. We affirm his convictions but reverse his sentences in part and remand for corrections and resentencing.
The record shows that, pursuant to a plea agreement, appellant pled nolo contendere to the following six charges: trafficking in cocaine, aggravated assault with a firearm, resisting arrest with violence, possession of more than 20 grams of marijuana, possession of a firearm by a convicted felon and misdemeanor possession of drug paraphernalia. According to the plea agreement, the following four counts were dismissed: attempted felony murder, battery on a police officer, possession of cocaine and possession of a firearm during the commission of a felony.
The trial judge accepted appellant's plea. At the sentencing hearing, he orally pronounced the sentences as follows: for trafficking in cocaine, 14 years in prison with imposition of the five-year mandatory minimum pursuant to Section 893.135(1), Florida Statutes; for possession of a firearm by a convicted felon, ten years in prison to run concurrently with the above sentence; for possession of paraphernalia, five years in prison to run concurrently; for possession of more than 20 grams of marijuana, five years in prison to run concurrently; for resisting arrest with violence, five years in prison to run concurrently; for aggravated assault with a firearm, three years, subject to the three-year mandatory minimum set forth in Section 775.087(2), Florida Statutes to run consecutively to the other terms. At the oral pronouncement, the trial judge also sentenced appellant to a five-year concurrent term for possession of a firearm during the commission of a felony, an offense to which appellant had not pled and which, according to the plea agreement, had been dismissed.
The written judgment and sentences contain only five counts: aggravated assault with a firearm, resisting arrest with violence, possession of more than 20 grams of marijuana, possession of a firearm by a convicted felon and trafficking in cocaine. According to the written sentences, the three-year mandatory minimum is to run consecutively to the sentence imposed on the trafficking in cocaine count.
Appellant's appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), addressing only the question of the legality of "stacking" the two mandatory minimum sentences and concluding that since those mandatory minimum sentences were imposed pursuant to separate and distinct legislative authorizations, that stacking is permissible. We agree that the trial judge did not err in imposing the two consecutive mandatory minimum sentences in this case. In Palmer v. State, 438 So.2d 1 *525 (Fla. 1983), the court established that section 775.087(2) empowered the trial judge to impose only one three-year mandatory minimum sentence for all offenses arising from a single criminal episode. In that case, the defendant was charged with committing armed robbery against 13 different people simultaneously. Also, in Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987), this court followed the Palmer rationale and determined that consecutive mandatory minimum sentences could not be imposed pursuant to Section 893.135, Florida Statutes, for three drug offenses which occurred in a single criminal episode. Numerous cases involving the imposition of mandatory minimums imposed under either section 775.087(2) or section 893.135 have followed Palmer and determined that consecutive mandatory minimum sentences could not be imposed pursuant to either of those statutes alone for multiple offenses which occurred in a single criminal episode. For example, see Hernandez v. State, 556 So.2d 767 (Fla. 2d DCA 1990); Smith v. State, 555 So.2d 973 (Fla. 1st DCA 1990); Hogan v. State, 529 So.2d 1127 (Fla. 1st DCA 1988); and Murray v. State, 491 So.2d 1120 (Fla. 1986). However, the instant case is distinguishable from Palmer and its progeny in that, although appellant's separate crimes occurred in a single criminal episode, the nature of his crimes subjected him to the imposition of mandatory minimum sentences under two separate and distinct statutes. We see no authority in Palmer for concluding that separately authorized mandatory minimums cannot be imposed consecutively under these circumstances.
Further, we find no error in imposing the three-year mandatory minimum sentence pursuant to section 775.087(2) consecutively to the 14-year term imposed for trafficking in cocaine (which included the five-year mandatory minimum pursuant to section 893.135). The total sentence imposed upon appellant was 17 years, which was within the guidelines recommendation. Imposing the three-year mandatory minimum consecutively to the 14-year term did not result in a piecemeal or fragmented sentence as in Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988) and Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987), and therefore can be upheld. See Perez v. State, 524 So.2d 720 (Fla. 3d DCA 1988) and Drew v. State, 478 So.2d 69 (Fla. 5th DCA 1985). Therefore, we approve the running of the three-year mandatory minimum sentence in this case consecutive to the 14-year term imposed for the trafficking in cocaine offense.
Upon our own further review of the record in this case, as required by Anders, we have found several sentencing errors not cited by defense counsel which require reversal in part of the sentences imposed and remand for correction and resentencing. First, the trial judge erred in orally sentencing appellant to five years in prison for possession of a firearm during the commission of a felony when that charge against appellant had been dismissed. Therefore, that five-year sentence is reversed.
The judge committed two errors in the imposition of the sentence for possession of drug paraphernalia: He erred in sentencing appellant to five years on that count since that offense is a first-degree misdemeanor pursuant to Section 893.147(1), Florida Statutes, punishable by a term of imprisonment not exceeding one year pursuant to Section 775.082, Florida Statutes. He further erred in failing to include that conviction and sentence in the written judgment and sentence. Thus, the written sentence does not conform to the oral pronouncement. Normally, the oral pronouncement would prevail and this court would remand to conform the written sentence to the oral pronouncement. Harden v. State, 557 So.2d 926 (Fla. 5th DCA 1990); Brammer v. State, 554 So.2d 671 (Fla. 2d DCA 1990); Cobb v. State, 554 So.2d 666 (Fla. 2d DCA 1990); Woodfin v. State, 553 So.2d 1355 (Fla. 1st DCA 1989). However, since the oral sentence in this case contains errors, upon remand, the trial judge shall correct the sentences pursuant to the directions set forth in this opinion.
Therefore, appellant's convictions are affirmed. The consecutive imposition of the *526 three-year mandatory minimum sentence is also approved but appellant's sentences are reversed in part as discussed above and remanded for correction and resentencing consistent with this opinion.
SHIVERS, C.J., and WENTWORTH, J., concur.