GOSHORN, Judge.
A jury found appellant guilty of attempted second degree murder[1] and shooting into an occupied vehicle.[2] Appellant was sentenced as an habitual offender[3] to life imprisonment with a minimum mandatory 3 years[4] for the use of a firearm in the commission of the attempted murder. For shooting into an occupied vehicle, appellant was sentenced as an habitual offender to 30 years’ imprisonment, including a 3 year minimum mandatory for the use of a firearm in the commission of that crime. After serving 5 years’ imprisonment, the balance of this sentence was ordered suspended and the appellant placed on 25 years’ probation. The two sentences were ordered to be served consecutively.
On appeal, appellant first urges that the habitual offender statute is unconstitutional. This argument has previously been rejected by this court. See King v. State, 557 So.2d 899 (Fla. 5th DCA), review denied, 564 So.2d 1086 (Fla.1990).
Appellant next contends and the State concedes, that consecutive 3 year minimum mandatory sentences may not be imposed for consecutive sentences arising from the same criminal episode. McGourik v. State, 493 So.2d 1016 (Fla.1986). We also note that section 775.087(2)(a), Florida Statutes (1989) does not provide for the imposition of a 3 year minimum mandatory sentence for the offense of shooting into an occupied vehicle. Accordingly, we vacate that part of appellant’s sentence for shooting into an occupied vehicle which imposes the 3 year minimum mandatory. Appellant’s convictions and sentences are affirmed in all other respects.
Sentence PARTIALLY VACATED, convictions and sentence as modified are AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.

. §§ 782.04(2) and 777.04(4)(d), Fla.Stat. (1989).

. § 790.19, Fla.Stat. (1989).

. § 77S.084, Fla.Stat. (1989).

. § 775.087(2)(a), Fla.Stat. (1989).