596 So.2d 114 (1992)
Willie MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00207.
District Court of Appeal of Florida, Second District.
March 13, 1992.
Rehearing Denied April 10, 1992.
*115 James Marion Moorman, Public Defender, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
Willie Marshall was convicted of robbery and two counts of aggravated battery[1] and sentenced as a habitual offender to three consecutive thirty-year prison terms. He appeals those sentences claiming first that he does not qualify for habitual offender treatment under section 775.084, Florida Statutes (1989), because the two prior felonies upon which the habitualization is based were entered on the same date. The supreme court has recently clarified this issue in State v. Barnes, 595 So.2d 22 (Fla. 1992), holding that there is no requirement on the face of section 775.084 that the prior convictions be sequential. Thus, the appellant's prior convictions for crimes committed on different dates, but for which he was convicted on the same date, do qualify him for habitual offender treatment. The trial court did not err in sentencing the appellant as a habitual offender.
In his second issue, Marshall contends that because all his current convictions are based on offenses arising from a single episode, the trial court erred in ordering that his sentences be served consecutively. The appellant relies upon Palmer v. State, 438 So.2d 1 (Fla. 1983). Under the rule of Palmer, whether the crimes arose from a single episode[2] is not dispositive here because there is no issue of consecutive minimum mandatory terms in the appellant's habitual offender sentences. The imposition of consecutive habitual offender sentences without minimum mandatory terms is not error. See Daniels v. State, 595 So.2d 952 (Fla. 1992) (citing State v. Boatwright, 559 So.2d 210, 213 (Fla. 1990), citing Palmer, 438 So.2d at 4).
Affirmed.
THREADGILL and PARKER, JJ., concur.
NOTES
[1] He was also convicted of simple battery and resisting arrest without violence, but the sentencing for these convictions is not at issue in this appeal.
[2] Whether the crimes involved in the instant case arose from a single episode is not an issue addressed in this opinion.