DANAHY, Acting Chief Judge.
Donald Highsmith appeals sentences imposed upon him for convictions of possession of cocaine and possession of cannabis with intent to sell or deliver. The trial court sentenced the appellant to two consecutive terms of 10 years each. These terms represent a sentencing enhancement pursuant to the provisions of the habitual offender statute, section 775.084, Florida Statutes (1990). The appellant claims, based upon Palmer v. State, 438 So.2d 1 (Fla.1983), that the trial court erred in ordering these habitual offender sentences to be served consecutively. We affirm.
The rule of Palmer requires that multiple minimum mandatory terms imposed pursuant to a sentencing enhancement statute must be ordered to be served concurrently if the offenses for which the minimum mandatory terms are imposed occurred during a single criminal episode. There is no dispute that the appellant’s crimes occurred during a single criminal episode. It is also true that the appellant’s habitual offender sentences were imposed pursuant to a sentencing enhancement statute — section 775.084, Florida Statutes (1990) — but, in this case, there were no minimum mandatory terms imposed pursuant to that sentence enhancement statute. Therefore, the rule in Palmer is not applicable here. Furthermore, where, as here, minimum mandatory sentencing is not involved, Palmer, itself, has never prohibited a sentencing court from imposing consecutive terms even if the offenses did occur during the same episode. Daniels v. State, 595 So.2d 952 (Fla.1992), (citing State v. Boatwright, 559 So.2d 210, 213 (Fla.1990), citing Palmer, 438 So.2d at 4). Therefore, the trial court did not err in imposing the sentences as it did.
Affirmed.
THREADGILL and PARKER, JJ., concur.