PER CURIAM.
In the instant case appellant raises four issues for our review: whether appellant’s conviction and sentence for use of a firearm during commission of a felony violates double jeopardy; whether the trial court erred by imposing consecutive minimum mandatory terms; whether the trial court abused its discretion in imposing an upward departure sentence; and whether appellant’s sentences violate the state constitutional prohibition against cruel or unusual punishment. We reverse on the first two issues for the reasons explained below. We affirm in regard to the other issues without further discussion.
On the evening of August 29, 1993, appellant entered his ex-wife’s home while she and their three children were asleep. Armed with a sawed-off shotgun, he entered his ex-wife’s bedroom and ordered her to accompany him. She complied at first, but then began to struggle with him for the gun. With the victim on her hands and knees, appellant beat her head with a large metal flashlight as her two younger children, apparently awakened by the noise, watched from a few feet away. Placing the gun to his ex-wife’s neck, appellant threatened to kill her if she did not comply and ordered her into her car.
Appellant drove directly to a pickup truck and after retrieving several items from it, drove to a wooded area and parked. There he told the victim to wash the blood off her head and shoulders with a jug of water. Appellant then ordered his ex-wife back into the car, and he drove to a mutual friend’s house where he knew no one was home. Once inside, he ordered his ex-wife to bathe to remove the blood still oozing from her head. Because she was afraid he would shoot her, she complied. After allowing her to dress in clothes he had in a duffel bag, appellant told her she would have to talk to him now. They talked until almost dawn, and he revealed that he thought he had just killed a mutual friend in Kissimmee.
They left the house, and appellant went back to the wildlife refuge and drove around *289 for some time. Finally, appellant drove them back to his ex-wife’s home, and he surrendered to law enforcement officers there.
Appellant pled no contest to an eight-count information and was adjudicated guilty and sentenced as follows: for kidnapping with a firearm, life with a three-year mandatory minimum; for burglary of a dwelling while armed, a consecutive term of life with a three-year mandatory minimum; for aggravated battery, a consecutive fifteen-year term; for burglary of a dwelling while armed, a consecutive life term with a three-year mandatory minimum; for aggravated assault with a deadly weapon, a consecutive five-year term with a three-year mandatory minimum; for use of a firearm while committing a felony, a consecutive fifteen-year term; for grand theft of an automobile, a consecutive five-year term; and for possession of a short-barreled shotgun, a consecutive fifteen-year term with a five-year mandatory minimum.
The state’s argument that appellant waived the double jeopardy issue regarding his conviction and sentence for use of a firearm in the commission of a felony when he pled no contest in the instant case was answered to the contrary in Novaton v. State, 634 So.2d 607 (Fla.1994). The supreme court stated that
[t]he general rule is that a plea of guilty and subsequent adjudication of guilty precludes a later double jeopardy attack on the conviction and sentence. There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.
Id. at 609 (citations omitted). The court found that Novaton had waived a double jeopardy claim of both his convictions and sentences because he “entered into a bargained plea with the State.” Id. (emphasis added). The court approved the Third District’s decision but “disapproved the statement that an unbargained plea waives the right to attack multiple convictions on double jeopardy grounds.” Id. (emphasis added). In the instant case, appellant entered an unbargained plea of no contest. The double jeopardy violation, which is discussed below, is apparent from the record, and there is nothing in the record to indicate a waiver. The issue is properly raised for the first time on direct appeal although it was not reserved when the nolo contendere plea was entered. See Brown v. State, 670 So.2d 965 (Fla. 1st DCA 1995).
In the instant case, appellant was adjudicated guilty and sentenced for four felonies that were enhanced because of the use of a firearm during their commission — armed burglary (two counts), aggravated assault with a firearm, and armed kidnapping. The charge of possession of a firearm during commission of a felony does not contain any elements that are distinct from these charges. Appellant’s conviction and sentence for use of a firearm in commission of a felony therefore violates the proscription against double jeopardy and must be reversed. State v. Brown, 633 So.2d 1059 (Fla.1994)(approving this court’s decision and analysis found at 617 So.2d 744 (Fla. 1st DCA 1993)); Cleveland v. State, 587 So.2d 1145 (Fla.1991).
Appellant next claims that the trial court’s imposition of consecutive mandatory minimum terms is error because the offenses were part of a single criminal episode. The court imposed consecutive mandatory minimum sentences for kidnapping, two counts of armed burglary (different residences and victims), aggravated assault, and possession of a short-barreled shotgun. Whether minimum mandatory sentences for various offenses committed during a single criminal episode may be imposed to run consecutively is dependent upon the nature of the crimes and statutory authority. Palmer v. State, 438 So.2d 1, 4 (1983). In Palmer, for example, the supreme court remanded the consecutive minimum mandatory sentences imposed for thirteen robbery counts that arose from the same criminal episode and required that the terms be corrected to run concurrently. Id. The mandatory minimum terms for offenses occurring in the same criminal episode may be stacked, however, when the nature of the crimes subjects a defendant “to the imposi *290 tion of mandatory minimum sentences under two separate and distinct statutes.” McDonald v. State, 564 So.2d 523, 525 (Fla. 1st DCA 1990)(affirming consecutive mandatory minimum terms imposed for cocaine trafficking (five-year minimum mandatory under § 898.135(1)) and aggravated assault with a firearm (three-year minimum mandatory under § 775.087(2))). See also Downs v. State, 616 So.2d 444 (Fla.1993)(eiting McDonald).
We first consider whether the court erred by imposing a consecutive mandatory minimum sentence for possession of a short-barreled shotgun. In the instant ease, the applicable statutory prohibition against possession of a short-barreled shotgun prescribes a five-year mandatory minimum term. § 790.221, Fla. Stat. (1991). The three-year mandatory mínimums for each of the other offenses committed by appellant were imposed pursuant to a different statute for use of a firearm during the commission of those felonies. § 775.087(2), Fla. Stat. The trial court, therefore, did not err by imposing the mandatory minimum for possession of the short-barreled shotgun consecutive to the other mandatory minimum terms imposed.
We next consider whether the mandatory minimum terms for both counts of armed burglary, aggravated assault, and aggravated battery may be imposed consecutively. Explaining its earlier holding in Palmer, supra, the supreme court stated the following:
In Palmer, we found error in the trial court’s imposition of consecutive mandatory minimums for each of thirteen robbery counts, totalling thirty-nine years, when the robberies had taken place in the same manner at one place and time. Even in Palmer, however, we noted that the language of section 775.021(4), Florida Statutes (1981), granted the trial court discretion to impose separate sentences, either concurrently or consecutively for each separate criminal offense arising out of a single criminal episode. See 775.021(4), Fla. Stat. (1983). We additionally noted that nor do we prohibit [by this holding] consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places.
Murray v. State, 491 So.2d 1120, 1123 (Fla.1986). The court then upheld imposition of consecutive mandatory minimum sentences “in spite of their common root in a single criminal episode” because the sexual battery of the victim was “sufficiently separate in nature, time, and place” from the armed robbery of that victim. Id. at 1123, 1124. On the facts of the instant case, the trial court did not err by imposing a consecutive mandatory minimum term for the armed burglary of the second house. The trial court did err, however, by imposing consecutive mandatory minimum terms for the armed burglary of the home of appellant’s ex-wife and appellant’s armed kidnapping of and aggravated assault on his ex-wife. Each of these events occurred within the victim’s house with no appreciable break in time, and the minimum mandatory terms for these three crimes should.be imposed to run concurrently.
In summary, we reverse appellant’s conviction and sentence for use of a firearm during the commission of felony. We remand the cause to the trial court for correction of the sentences for the armed burglary of the home of appellant’s ex-wife and appellant’s armed kidnapping of and aggravated assault on his ex-wife. The mandatory minimum terms of these sentences must run concurrently.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
MINER and MICKLE, JJ., and SMITH, Senior Judge, concur.