PER CURIAM.
James Isham appeals an order that denied his amended post-conviction motion without citation to any support in the record for that decision. It is unnecessary to decide whether the amended motion was proper, since the original motion also raised the only claim on which Isham might be entitled to relief. Is-ham’s original sentence for armed burglary and robbery was reversed on appeal because the written sentence did not conform with the oral pronouncement. There was no finding about whether it would be proper on remand to sentence Isham to consecutive mandatory minimum terms for his use of a firearm in commission of the two offenses. Isham v. State, 627 So.2d 613 (Fla. 4th DCA 1993). On remand, the trial court imposed a sentence that included consecutive minimum terms.
In his motion filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, Isham argued that consecutive terms were improper, since the robbery and the burglary were part of the same criminal episode. The trial court denied relief, finding that the decision in the direct appeal did not expressly prohibit such a sentence. We reverse the trial court’s decision on that finding only and remand to the trial court for consideration of whether the consecutive sentences are permitted under the standards set forth in Murray v. State, 491 So.2d 1120 (Fla.1986), and Palmer v. State, 438 So.2d 1 (Fla.1983). An evidentiary hearing will be necessary only if a factual foundation for the sentence as imposed cannot be established in the record. The order below is affirmed in all other respects.
STONE, POLEN and GROSS, JJ., concur.