PER CURIAM.
The appellant challenges an order by which the trial court summarily denied the appellant’s Florida Rule of Criminal Procedure 3.850 motion for postconvietion relief. We conclude that the trial court erred in summarily denying the appellant’s claim that his trial counsel was ineffective for permitting him to plead to use of a firearm during the commission of a felony where his conviction of that offense violated his double jeopardy rights in light of his accompanying conviction of attempted second-degree murder with a firearm. See State v. Brown, 633 So.2d 1059 (Fla. 1994); Mosely v. State, 679 So.2d 287 (Fla. 1st DCA 1996); Wimberly v. State, 649 So.2d 338 (Fla. 3d DCA 1995). The order is therefore reversed to the extent that it summarily denies this claim, and this ease is remanded to the trial court for further proceedings on the claim. The order is otherwise affirmed.
ERVIN, ALLEN and DAVIS, JJ., CONCUR.