730 So.2d 409 (1999)
CITY OF ST. PETERSBURG, Florida, Appellant,
v.
Joseph H. KABLINGER, Appellee.
No. 98-01850.
District Court of Appeal of Florida, Second District.
April 14, 1999.
*410 Michael S. Davis, City Attorney, and Thomas A. Bustin, Assistant City Attorney, St. Petersburg, and Robert H. Freilich, Kansas City, Missouri, for Appellant.
Robert H. Willis, Jr. of Skelton, Willis & Bennett, St. Petersburg, for Appellee.
NORTHCUTT, Acting Chief Judge.
In this inverse condemnation litigation the City of St. Petersburg challenges a partial summary judgment that established its liability for a taking. We affirm, but certify that our decision conflicts with that of another district court of appeal.
In 1993 the St. Petersburg Nuisance Abatement Board (NAB) determined that a public nuisance existed on Joseph H. Kablinger's property because cocaine had been sold there on more than two occasions.[1] Pursuant to the St. Petersburg Code of Ordinances 19-66 through 19-72, and section 893.138, Florida Statutes (1991), the NAB prohibited any rental or business activities at the property for one year, beginning July 1, 1993. The property owner did not appeal the NAB's order, nor seek to modify it. Instead, in 1997 Kablinger filed suit asserting that he was entitled to compensation because the order constituted a temporary taking of the use of the property.
The circuit court granted Kablinger a summary judgment on the issue of the City's liability, guided primarily by our decision in City of St. Petersburg v. Bowen, 675 So.2d 626 (Fla. 2d DCA 1996), review denied, 680 So.2d 421 (Fla.1996), cert. denied, 520 U.S. 1110, 117 S.Ct. 1120, 137 L.Ed.2d 320 (1997). The Bowen decision involved the same ordinance and statute at issue here, and it found there had been a compensable temporary taking under circumstances that were materially indistinguishable from those in this case. Accordingly, we affirm the partial summary judgment.
Recently, however, the Third District considered a case involving similar facts and a similar ordinance promulgated pursuant to section 893.138. It concluded that a temporary closing of property because it is a nuisance is not a compensable taking. See City of Miami v. Keshbro, Inc., 717 So.2d 601 (Fla. 3d DCA 1998), review granted, Keshbro, Inc. v. City of Miami, 94,058, 729 So.2d 392 (Fla. 1999). The Keshbro court endeavored to distinguish Bowen, but we believe the decisions are in conflict, and we note that Keshbro is currently under review by the supreme court. That being so, we certify that this decision conflicts with Keshbro.
Affirmed, conflict certified.
CASANUEVA, J., and QUINCE, PEGGY A., Associate Judge, Concur.
NOTES
[1] At that time, the property was owned by Residential Property Management, Inc. That corporation was dissolved by the Florida Secretary of State in 1995. Kablinger is the corporation's successor in interest by virtue of an assignment.