845 So.2d 238 (2003)
Johnny JAMES, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D00-1891, 01-1829.
District Court of Appeal of Florida, First District.
April 15, 2003.
Rehearing Denied May 19, 2003.
*239 Nancy A. Daniels, Public Defender, and Edgar Lee Elzie, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Johnny Allen James appeals his sentences for possession of a controlled substance within 1000 feet of a school and possession of a firearm by a convicted felon. His sole issue on appeal is whether the trial court erred by imposing a habitual felony offender (HFO) sentence for the firearm possession conviction upon resentencing pursuant to Criminal Rule 3.800(b). We affirm.
Three charges against appellant arose out of the execution of a search warrant on April 2, 1998: possession of a controlled substance with intent to sell within 1000 feet of a school (Count I), possession of a firearm by a convicted felon (Count II), and possession of drug paraphernalia (Count III). Appellant pled guilty to all three offenses and, as part of the plea, stipulated that he qualified as an HFO. After a failed substantial assistance agreement, the trial court sentenced appellant on April 17, 2000. At that time, based upon proof presented by the State, the court designated appellant an HFO. The State requested HFO sentencing on Count I, and advised the trial court that HFO treatment would not be available on any other counts. Without objection, appellant was sentenced to a thirty-year HFO sentence on Count I, and fifteen years on Count II under the Criminal Punishment Code (CPC), concurrent to Count I. For Count III, not relevant to this appeal, appellant received time served.
Appellant timely filed in the lower court a motion to correct sentencing error pursuant to Rule 3.800(b)(2). As amended, the motion urged that the sentence under Count I should be reduced to a guidelines sentence because cocaine possession did not qualify for HFO treatment, and the trial court could not impose the statutory maximum because the offense occurred before the effective date of the CPC. As to Count II, appellant argued that the sentence should be reduced to a guidelines sentence because this offense also predated the effective date of the CPC. Appellant asserted that the CPC sentence exceeded that authorized by law and, because the trial court did not initially sentence him as an HFO on Count II, that option was no longer available. The State conceded that the original sentences imposed were illegal, but argued appellant could still be subject to HFO sanctions on Count II. The trial court vacated both sentences and resentenced appellant to a guidelines sentence of fifty-eight months on Count I, and an HFO sentence of thirty years on Count II, concurrent to Count I.
Appellant now argues that, on resentencing for Count II, the trial court was bound to reduce the sentence to a guidelines sentence. Appellant's argument is premised upon the assertion that the HFO sentence imposed on Count II violates the *240 double jeopardy prohibition and his due process rights because he was not initially subjected to HFO treatment on that count.
We reject appellant's argument and conclude that a trial court is not barred from accomplishing its original sentencing goals where a defendant successfully seeks to have a sentence overturned.[*] This is true because there is no legitimate expectation of finality in a sentence a defendant seeks to overturn. See Harris v. State, 645 So.2d 386, 388 (Fla.1994); Herring v. State, 411 So.2d 966, 971 (Fla. 3d DCA 1982).
When a defendant is sentenced for multiple crimes arising from a single criminal episode, nothing prevents a trial judge from weighing all the crimes in determining the appropriate sentence; hence, the sentence for each count should not be viewed in isolation, but as part of a purposeful plan. Cf. Hodgdon v. State, 789 So.2d 958, 963 (Fla.2001) (finding that "allowing a defendant to receive credit against the entire sentence imposed on a probation violation permits a defendant's sentences to be treated as an interrelated unit as they were when they were originally imposed"); Tripp v. State, 622 So.2d 941, 942 (Fla.1993) (finding that "both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated"). Here, when appellant successfully moved to have his sentences vacated on Counts I and II, the new sentences imposed effected the original goal of the trial courta thirty-year HFO sentence for multiple crimes arising from a single criminal episode.
Where a defendant successfully appeals or collaterally attacks a conviction, a court is free to change the sentence, so long as it stays within the guidelines of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). See Fasenmyer v. State, 457 So.2d 1361, 1365 (Fla.1984); Herring, 411 So.2d at 969-70. Pearce holds that due process rights may be infringed where a defendant's resentence on remand is harsher than the original sentence. See Pearce, 395 U.S. at 723-26, 89 S.Ct. 2072. Underlying the Pearce reasoning is a concern for judicial vindictiveness toward a defendant who successfully had a conviction and sentence overturned. See id., 395 U.S. at 724-26, 89 S.Ct. 2072; see also Regueiro v. State, 619 So.2d 463, 464 (Fla. 4th DCA 1993). That concern, however, does not arise from the new sentence under review here. As a prerequisite to demonstrating that a sentence is vindictive, a defendant must show that the new sentence is actually more severe. See Thomas v. State, 638 So.2d 169, 170-71 (Fla. 1st DCA 1994). Here, appellant's new sentence, viewed as an interrelated plan, is less severe than the initial sentence. Though appellant still received a thirty-year HFO sentence, the concurrent sentence was reduced from fifteen years to fifty-eight months.
Appellant's new sentence does not offend the due process or double jeopardy clauses. The due process clause is "offended only if the enhancement punishes the defendant for the exercise of rights guaranteed him." Herring, 411 So.2d at 970. The double jeopardy clause does not automatically preclude the imposition of any legal sentence after a successful appeal, *241 irrespective of whether the new sentence is greater than the original. See Pearce, 395 U.S. at 725-26, 89 S.Ct. 2072. This is not a case where the defendant's sentence was enhanced; instead, the trial court accomplished its original goal on resentencing, and appellant received a sanction no more severe than the original sentence.
Appellant's sentences are AFFIRMED.
BOOTH and WOLF, JJ., concur.
NOTES
[*] Rule 3.800 is the vehicle for correcting sentencing errors in the trial court, and preserving sentencing issues for appellate review. See Fla. R.Crim. P. 3.800, Court Commentary, 1996 Amendments. The State may only file a motion to correct sentencing errors if it will benefit the defendant or to correct a scrivener's error. See id. 3.800(b).