PER CURIAM.
This is an appeal after remand for re-sentencing in Sainz v. State, 811 So.2d 683 (Fla. 3d DCA 2002). We affirm.
In the earlier appeal by defendant-appellant Carlos Sainz to this court, we interpreted the plea agreement to require vacating the life sentence which had been imposed on the defendant, and resentenc-ing the defendant to a term of years under *931 which he would serve thirty actual years of incarceration. Id. at 691-92. On remand, the Department of Corrections provided the trial court a calculation to accomplish this. The calculation indicated that under the applicable sentencing statutes, the sentence would need to be sixty-one years, eleven months, and nine days with credit for time previously served and projected allowances for gain time. The trial court imposed consecutive sentences on the defendant’s three counts, amounting to the recommended total of sixty-one years, eleven months, and nine days.
On this appeal, the defendant argues that his sentences cannot exceed thirty years concurrent on all counts. He contends that his plea agreement provided for a sentence of thirty years against which he would receive gain time and credit for time served. We disagree. We ruled in the prior appeal that the plea agreement provided for the defendant to serve thirty actual years of incarceration on the charges in this ease. 811 So.2d at 691-92.
The defendant argues that the sentences create a double jeopardy violation. We disagree. In the prior appeal we concluded that in order to carry out the terms of the plea agreement it was necessary to vacate the life sentence and resentence the defendant to terms of years which would provide for the defendant’s actual incarceration for thirty years. Id. The resulting sentence is less than the life sentence which was vacated. See James v. State, 845 So.2d 238, 240 (Fla. 1st DCA 2003). Further, the resentencing was in accordance with the plea agreement.
The defendant also argues that under the new sentencing structure, it is theoretically possible that he will serve longer than thirty years if any of his gain time is forfeited. If there should be such a forfeiture, then the defendant may seek appropriate relief to enforce the plea agreement. The agreement provides that the defendant will remain incarcerated for thirty calendar years, but no longer. See 811 So.2d at 691-92.
Affirmed.