IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTHONY M. GARTMAN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1875

Opinion filed July 13, 2016.

An appeal from the Circuit Court for Duval County.
Virginia Norton and Waddell A. Wallace, Judges.

Nancy A. Daniels, Public Defender, and David A. Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Following his convictions for armed robbery and possession of a firearm by a convicted felon, Appellant was sentenced to a term of 12 years, with a 10-year mandatory minimum term for use of a firearm for the armed robbery offense, and

to a term of 6 years with a 3-year mandatory minimum for use of a firearm. The sentence for possession of a firearm by a convicted felon was ordered to be served consecutively to the term imposed for armed robbery. Given the case law as it existed at the time of sentencing, the trial court understandably believed the sentences had to be imposed consecutively. Appellant raises several issues on appeal, but we will address only one.

While this appeal was pending, the Florida Supreme Court decided Williams v. State, 186 So. 3d 989 (Fla. 2016). In Williams, the Court held that consecutive mandatory minimum terms of imprisonment for use or possession of a firearm during a qualifying felony are permissible but not required by section 775.087, Florida Statutes. The Supreme Court stated in Williams that "[g]enerally, consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." Id. at 993. While the Court frequently used the term "mandatory minimum imprisonment terms" in Williams, it is apparent from reading the opinion as a whole that it meant a sentence imposed under the 10-20-Life statute for an offense specified in that section as qualifying for such sentencing, a sentence which may be greater than the minimum term mandated. See § 775.087(2)(c), Fla. Stat. ("If the mandatory minimum terms of imprisonment pursuant to this section are less than the

2

sentences that could be imposed as authorized by s.775.082, S. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.").

Per Williams, we vacate the sentences and remand for resentencing. Thus, in the instant case, no portion of Appellant's sentence for possession of a firearm by a convicted felon may be ordered to be served consecutively. See also Palmer v. State, 438 So. 2d 1 (Fla. 1983).

The remaining issues raised on appeal are without merit.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

B.L. THOMAS, BILBREY, and KELSEY, JJ., CONCUR.