PER CURIAM.
Phillip Burns challenges his judgment of conviction and sentences for attempted second degree murder and possession of a firearm by a convicted felon. We affirm the convictions without comment, but vacate his sentences because the trial court believed, given our prior precedent, that the sentences imposed pursuant to section 775.087(2), Florida Statutes, had to be consecutive sentences. As Burns discharged a firearm striking a single victim and as both offenses arose out of a single criminal episode, consecutive sentences were permissible but not required. See Williams v. State, 186 So.3d 989 (Fla. 2016), and Tate v. State, 194 So.3d 564 (Fla. 1st DCA 2016); but see Torres-Rios v. State, 205 So.3d 883 (Fla. 5th DCA 2016) (holding concurrent sentences are required under section 775.087(2) when there was only a single discharge of a firearm and only one person shot during a single criminal episode).
The judgment of conviction is AFFIRMED, but the sentences are VACATED and the cause is REMANDED for resentencing; we certify conflict with Torres-Rios.
B.L. THOMAS, OSTERHAUS, and BILBREY, JJ., CONCUR.