PER CURIAM.
Appellant raises two issues in this direct criminal appeal. First, he contends that it was error under Williams v. State, 186 So.3d 989 (Fla. 2016), and Gartman v. State, 197 So.3d 1181 (Fla. 1st DCA 2016), for any portion of his sentences to be imposed consecutively. Second, he contends that it was error for a successor judge to rule on his rule 3.800(b)(2) motion and resentence him over his objection. The State concedes error on the second issue, but argues that the trial court has the discretion to impose consecutive sentences on remand.
We accept the State’s concession of error on the second issue because there was no showing of necessity or an emergency that would justify resentencing by a successor judge in this case. See Clemons v. State, 816 So.2d 1180, 1182 (Fla. 2d DCA 2002) (explaining that the reassignment of the original judge to a different division is not a legally sufficient reason for a successor judge to preside over re-sentencing). Accordingly, we reverse Appellant’s sentence and remand for resen-tencing by the original judge.
Although this moots the first issue, we will address it for the benefit of the parties and the trial court on remand. The reeord reflects that Appellant was convicted as a principal of second-degree murder and attempted second-degree murder based on the shooting of two individuals by his co-defendant. But, because the jury only found that Appellant possessed a firearm, concurrent sentences were required. See Williams, 186 So.3d 993 (holding that consecutive mandatory minimum terms under the 10-20-Life statute are permissible—but not mandatory—when multiple victims were shot at, but that they are “impermissible ... if the firearm was merely possessed but not discharged”); State v. Christian, 692 So.2d 889, 891 (Fla. 1997) (“The stacking of firearm mandatory minimum terms thus is ... impermissible where the defendant does not fire the weapon.”); Gartman, 197 So.3d at 1182 (construing Williams to mean that no portion of a sentence under the 10-20-Life statute for a second qualifying offense can be consecutive where the jury found that the defendant only possessed a firearm). That said, because second-degree murder is a first-degree felony punishable by a term of years up to life in prison, see § 782.04(2), Fla. Stat. (2013), the requirement for concurrent sentences will not preclude the trial court on remand from structuring Appellant’s sentences in a manner that achieves the original sentencing goal of an overall sentence of 40 years in prison followed by 10 years of probation. See James v. State, 845 So.2d 238, 240 (Fla. 1st DCA 2003) (citing Harris v. State, 645 So.2d 386 (Fla. 1994)).
Finally, because Appellant does not challenge his convictions on appeal, we affirm them without discussion.
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
WETHERELL, BILBREY, and JAY, JJ., CONCUR.