ON REMAND FROM THE FLORIDA SUPREME COURT
PER CURIAM.
Upon consideration of the order of the Florida Supreme Court entered May 26, 2017, which quashed this court’s decision previously entered in this cause, the consecutive mandatory minimum sentence imposed for Count II (possession of a firearm by a convicted felon) is vacated. This offense was charged under the 10-20-Life statute, section 775.087(2),- Florida Statutes (2008), as was Count I (attempted murder in the first degree). With respect to Count I, the jury specifically found Ap-péllant possessed and discharged a firearm. As both offenses arose'from the same criminal episode and there was only one victim as to the firearm offenses, the mandatory minimum sentences in this case may be served consecutively or concurrently. See Walton v. State, 208 So.3d 60 (Fla. 2016); Williams v. State, 186 So.3d 989 (Fla. 2016); Tate v. State, 194 So.3d 564 (Fla. 1st DCA 2016); and Burns v. State, 212 So.3d 546 (Fla. 1st DCA 2017). We again certify conflict with Torre's-Rios v. State, 205 So.3d 883 (Fla. 5th DCA 2016).
As the trial court believed it was required to impose consecutive mandatory sentences, we REVERSE and REMAND the cause to the trial court for it to exercise its discretion in this' matter. The sentence imposed for the remaining offense of *1039 solicitation to commit a capital felony is unaffected by this decision.
WOLF, BILBREY, and JAY, JJ., CONCUR.