IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHRIS LEONARD THORNES,

     Appellant,

                     CASE NO. 1D14-4431

v.

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed July 6, 2017.

An appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Andy Thomas, Public Defender, and Pamela D. Presnell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Criminal Bureau Chief, Criminal Appeals, Tallahassee, for Appellee.

**ON REMAND FROM THE FLORIDA SUPREME COURT**

PER CURIAM.

     We previously affirmed Appellant's sentence for aggravated assault and possession of firearm by a convicted felon based on our *en banc* decision in Walton v. State, 106 So. 3d 522 (Fla. 1st DCA 2013), which held that mandatory

minimums under the 10-20-Life statute must be imposed consecutively regardless of whether the defendant possessed or discharged a firearm. However, the Florida Supreme Court quashed our decision in this case and remanded for reconsideration in light of its decisions in Walton v. State, 208 So. 3d 60 (Fla. 2016) (Walton II), and Williams v. State, 186 So. 3d 989 (Fla. 2016). See Thornes v. State, 42 Fla. L. Weekly S680 (Fla. May 26, 2017).

In Williams, the Court held that "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." 186 So. 3d at 993; accord Walton II, 208 So. 3d at 64. But, the Court also held that "[i]f . . . multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory." Williams, 186 So. 3d at 993.

Williams did not directly address whether or not consecutive mandatory minimum sentences were permissible where, as here, the defendant only shot at one victim but was convicted of multiple firearm offenses arising out of the same criminal episode.[*] However, in Burns v. State, this court read Williams to permit

---

[*] Appellant was charged with separate counts of aggravated assault for shooting at two victims, but the jury only found him guilty of one of the aggravated assault counts.

the trial court to impose consecutive sentences in these circumstances. 212 So. 3d 546, 546 (Fla. 1st DCA 2017) ("As Burns discharged a firearm striking a single victim and as both offenses arose out of a single criminal episode, consecutive sentences were permissible but not required."); see also Wilson v. State, 2017 WL 1653435 (Fla. 1st DCA May 2, 2017).

Accordingly, based on Williams, we vacate Appellant's sentence because the trial court believed based on our prior precedent that it was required to impose consecutive mandatory minimum sentences, and based on Burns, we remand for the trial court to exercise its discretion in deciding whether to impose concurrent or consecutive mandatory minimum sentences. Also, as we did in Burns, we certify conflict with Torres-Rios v. State, 205 So. 3d 883 (Fla. 5th DCA 2016) (holding that concurrent sentences must be imposed under section 775.087(2) where a single shot is fired at only one person during a single criminal episode).

Sentence VACATED and REMANDED with directions.

WOLF, WETHERELL, and BILBREY, JJ., CONCUR