IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DETARSHA CASTRO
BRADLEY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

CASE NO. 1D14-2626

v.

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed July 11, 2017.

An appeal from the Circuit Court for Duval County.
Russell Healey, Judge.

Nancy A. Daniels, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

## ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

    We previously affirmed Appellant's consecutive mandatory minimum

sentences for aggravated assault and possession of a firearm by a convicted felon

based on our *en banc* decision in Walton v. State, 106 So. 3d 522 (Fla. 1st DCA

2013), which held that mandatory minimums under the 10-20-Life statute must be imposed consecutively regardless of whether the defendant possessed or discharged a firearm. However, the Florida Supreme Court quashed our decision in this case and remanded for reconsideration in light of its decisions in Walton v. State, 208 So. 3d 60 (Fla. 2016), and Williams v. State, 186 So. 3d 989 (Fla. 2016). See Bradley v. State, 42 Fla. L. Weekly S681 (Fla. May 26, 2017).

In Williams, the Court held that "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." 186 So. 3d at 993; accord Walton, 208 So. 3d at 64. But, the Court further held that "[i]f . . . multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory." Williams, 186 So. 3d at 993.

Williams did not directly address whether or not consecutive mandatory minimum sentences were permissible where, as here, the defendant only shot at one victim but was convicted of multiple firearm offenses arising out of the same criminal episode. However, in Burns v. State, this court read Williams to permit the trial court to impose consecutive sentences in these circumstances. 212 So. 3d 546, 546 (Fla. 1st DCA 2017) ("As Burns discharged a firearm striking a single

victim and as both offenses arose out of a single criminal episode, consecutive sentences were permissible but not required."); see also Wilson v. State, 2017 WL 1653435 (Fla. 1st DCA May 2, 2017).

Accordingly, based on Williams, we vacate Appellant's sentence because the trial court believed based on our prior precedent that it was required to impose consecutive mandatory minimum sentences, and based on Burns, we remand for the trial court to exercise its discretion in deciding whether to impose concurrent or consecutive mandatory minimum sentences. Also, as we did in Burns, we certify conflict with Torres-Rios v. State, 205 So. 3d 883 (Fla. 5th DCA 2016) (holding that concurrent sentences must be imposed under section 775.087(2) where a single shot is fired at only one person during a single criminal episode).

Sentence VACATED and REMANDED with directions.

B.L. THOMAS, C.J., WETHERELL, and RAY, JJ., CONCUR.