IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MAURICE JAVON JACKSON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5687

Opinion filed August 14, 2017.

An appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

We previously affirmed appellant's sentences based on our en banc decision in Walton v. State, 106 So. 3d 522, 528 (Fla. 1st DCA 2013) (Walton I), where this court held that "<u>any</u> mandatory minimum term required by section 775.087(2) –

whether the defendant fires a gun, or only carries or displays it – shall be imposed consecutively to <u>any other term</u> imposed for any other felony." However, the Florida Supreme Court quashed our decision in this case and remanded for reconsideration in light of its decisions in <u>Walton v. State</u>, 208 So. 3d 60 (Fla. 2016) (<u>Walton II</u>), and <u>Williams v. State</u>, 186 So. 3d 989 (Fla. 2016).

In <u>Williams</u>, the supreme court held that the 10-20-Life statute does not require consecutive sentences when the sentences arise from a single criminal episode. Rather, the supreme court held that "a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently." <u>Williams</u>, 186 So. 3d at 993. In so determining, the supreme court noted that "[g]enerally, consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged;" however, "[if] . . . multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory." <u>Id.</u> The supreme court did not explicitly discuss a case factually similar to this one, in which appellant committed two gun-related offenses, attempted second-degree murder and possession of a firearm by a convicted felon, but appellant's crimes involved only one victim who sustained only one physical injury.

2

In line with our precedent outlined in <u>Burns v. State</u>, 212 So. 3d 546 (Fla. 1st DCA 2017) and <u>Wilson v. State</u>, 42 Fla. L. Weekly D993b (Fla. 1st DCA May 2, 2017), we therefore REVERSE and REMAND appellant's sentences for the trial court to reconsider whether, in its discretion, it wishes for appellant to serve his minimum mandatory sentences concurrently or consecutively. In so ruling, we certify conflict with <u>Torres-Rios v. State</u>, 205 So. 3d 883 (Fla. 5th DCA 2016).

WOLF, LEWIS, and ROBERTS, JJ., CONCUR.