# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D15-5582

_____

TOLAND JEROME BONNER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Ross M. Goodman, Judge.

April 5, 2018

PER CURIAM.

Appellant Toland J. Bonner raises three issues in this criminal appeal. First, he contends that it was error under *Williams v. State*, 186 So. 3d 989 (Fla. 2016), and *Gartman v. State*, 197 So. 3d 1181 (Fla. 1st DCA 2016), for his sentences for robbery with a firearm (Count 1) and attempted robbery with a firearm (Counts 2 through 6), to be imposed consecutively to each other under section 775.087(2)(d), Florida Statutes (2015), the "10-20-Life" statute, because the crimes arose from a single criminal episode and the firearm was not discharged. Second, he contends that the trial court erred by including a mandatory minimum term in his sentence for aggravated battery while actually possessing a firearm (Count 8), because the mandatory minimum term was not orally pronounced at the sentencing

hearing. Third, he contends that the judgment and sentence erroneously labeled the convictions for attempted robbery with a firearm (Counts 2 through 6) as first-degree felonies. For the reasons set forth below, we vacate the sentences and remand for resentencing and to correct a scrivener's error.

I.

On January 6, 2015, six friends gathered for a birthday dinner at Los Rancheros Mexican Restaurant in Pensacola. After dinner, the friends were hanging out in the parking lot when Bonner approached them with a firearm and demanded money. Bonner moved towards the first victim and pointed the firearm directly at him, within inches from his head, and demanded money. Once Bonner realized the victim did not have any money, he moved on. He walked up to each victim and pointed the firearm directly at each one, except he pointed the firearm generally into a truck where two victims were sitting. One victim threw cash on the ground, and another victim was struck with the firearm. At no point was the firearm discharged.

The jury found Bonner guilty of the armed robbery, attempted armed robbery, and aggravated battery. For each of these counts, the jury found that Bonner actually possessed a firearm. The jury also found Bonner guilty of fleeing or attempting to elude a law enforcement officer and resisting arrest without violence.

The trial court sentenced Bonner to twenty years for the armed robbery and ten years for each conviction of attempted armed robbery, all to run consecutively. The trial court also imposed a consecutive sentence of ten years for the aggravated battery. The court did not mention a mandatory minimum term for this count during the hearing. The trial court imposed a sentence of five years for fleeing or attempting to elude a law enforcement officer and one year for resisting arrest without violence, to run concurrently with the sentence of ten years for the aggravated battery.

While this appeal was pending, and before Bonner filed a brief, he filed a rule 3.800(b)(2) motion to correct two sentencing

2

errors. The first error alleged was the imposition of consecutive mandatory minimum sentences of ten years for the armed robbery and attempted armed robbery convictions. He argued that imposing these mandatory minimum sentences as consecutive to each other was impermissible because the offenses in this case arose from or were part of a single criminal episode, and no evidence showed—and the jury did not find—that any firearm was discharged in the course of any of those crimes. The second error alleged was that the sentence for aggravated battery with a firearm included a mandatory minimum term of ten years, pursuant to section 775.087(2), but the trial court did not orally impose any mandatory minimum term as part of that sentence. The trial court denied the motion.

## II.

The first issue is whether the consecutive sentences for multiple firearm offenses are proper. In *Williams*, the Florida Supreme Court held that "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." 186 So. 3d at 993; *accord Walton v. State*, 208 So. 3d 60, 64 (Fla. 2016) (*Walton II*), *quashing Walton v. State*, 106 So. 3d 522 (Fla. 1st DCA 2013) (*Walton I*). The supreme court further held that "[i]f . . . multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory." *Williams*, 186 So. 3d at 993.

Here, there is no dispute that Bonner did not discharge the firearm. This Court and other district courts have consistently reversed and remanded cases for resentencing where trial courts have sentenced defendants to consecutive terms for multiple firearms offenses even when a firearm was not discharged.[1]

---

[1] *See Simmons v. State*, 215 So. 3d 162, 163 (Fla. 1st DCA 2017) (noting that concurrent sentences were required for convictions of second-degree murder and attempted second-degree murder based on shooting of two people by co-defendant because jury found that appellant only possessed a firearm);

But this appeal is slightly different because it turns on whether Bonner's actions constituted a single criminal episode, i.e., whether the multiple firearm offenses were committed contemporaneously. The State relies on a series of cases to establish distinct acts but they are distinguishable because each involved discharging a firearm.[2] In contrast, where a defendant does not fire a firearm, stacking consecutive sentences has generally not been authorized.[3] Some older caselaw involved

*Clark v. State*, 208 So. 3d 853, 854 (Fla. 1st DCA 2017) (holding that consecutive sentences were improper for convictions of attempted armed robbery and aggravated battery because the two offenses arose from the same criminal episode and jury found that appellant only possessed, as opposed to discharged, a firearm); *Gartman*, 197 So. 3d at 1182 (holding that no portion of the sentence for conviction of possession of a firearm by a convicted felon could run consecutive to sentence for conviction of armed robbery); *Mobley v. State*, 197 So. 3d 648, 648-49 (Fla. 1st DCA 2016) (holding that consecutive sentences were improper for convictions of two counts of aggravated assault with a firearm and possession of a firearm by a convicted felon because the firearm was not discharged).

[2] *See State v. Sousa*, 903 So. 2d 923 (Fla. 2005) (*Sousa II*); *State v. Christian*, 692 So. 2d 889 (Fla. 1997); *State v. Thomas*, 487 So. 2d 1043 (Fla. 1986).

[3] *See State v. Ames*, 467 So. 2d 994, 996 (Fla. 1985) (disapproving stacking two mandatory minimum terms for armed burglary, armed robbery, and armed sexual battery of one victim, without firing weapon, because they occurred during a single, continuous criminal episode); *Lanham v. State*, 60 So. 3d 532, 532 (Fla. 1st DCA 2011) (disapproving stacking two mandatory minimum terms for assaulting two victims with a firearm because the offenses arose out of the same criminal episode— insufficient temporal or spatial break—and appellant displayed, but never fired, his weapon), *receded from in Walton I*, 106 So. 3d 522; *Roberts v. State*, 990 So. 2d 671, 674-75 (Fla. 4th DCA 2008) (disapproving stacking four life sentences for sexual battery with a firearm, armed kidnapping, burglary with an assault or battery, and armed robbery, where firearm was used, but not

4

situations where multiple offenses within a single criminal episode justified consecutive sentences, such as a capital felony committed with a non-capital felony, or when the imposition of mandatory minimum sentences is authorized under two separate and distinct statutes.[4] None of these provides definitive guidance in this case.

Bonner pointed the firearm at, threatened, and attempted to take (or took) money multiple times as to six different victims, all at a single location within a short amount of time (no more than five minutes). His course of conduct is similar to that used against the multiple victims in *Palmer v. State*, 438 So. 2d 1 (Fla. 1983) (brandishing firearm in funeral home filled with mourners,

---

fired, and offenses were committed within the same criminal episode—one victim, one place, and over forty-five minutes to an hour); *Perry v. State*, 973 So. 2d 1289, 1289-90 (Fla. 4th DCA 2008) (disapproving stacking minimum mandatories for kidnapping, carjacking, sexual battery, and aggravated fleeing and eluding where offenses did not occur during different criminal episodes and appellant used, but never fired, his gun); *Irizarry v. State*, 946 So. 2d 555, 558 (Fla. 5th DCA 2006) (finding appellant's pointing of a gun at two movie theatre employees did not authorize consecutive minimum mandatories because appellant never fired his weapon or harmed anyone).

[4] *See, e.g.*, *Downs v. State*, 616 So. 2d 444, 445 (Fla. 1993) (stating "[w]hen the same crime is committed in a nonsimultaneous manner or when different crimes are committed in the same episode, however, minimum mandatory sentences can be consecutive," and affirmatively answering the question of whether a trial judge can stack mandatory minimum sentences in cases involving capital felonies together with non-capital felonies); *McDonald v. State*, 564 So. 2d 523, 525 (Fla. 1st DCA 1990) (approving stacking a five-year mandatory minimum sentence on a drug-trafficking charge with a three-year minimum for using a firearm during an aggravated assault because, "although appellant's separate crimes occurred in a single criminal episode, the nature of his crimes subjected him to the imposition of mandatory minimum sentences under two separate and distinct statutes").

but pointing the gun directly at one victim), where stacking of consecutive sentences was not permitted. Indeed, it is close to that in *Walton II*, which quashed our *en banc* decision in *Walton v. State*, 106 So. 3d 522 (Fla. 1st DCA 2013). *See also State v. Ames*, 467 So. 2d 994 (Fla. 1985); *Lanham v. State*, 60 So. 3d 532 (Fla. 1st DCA 2011); *Roberts v. State*, 990 So. 2d 671 (Fla. 4th DCA 2008); *Perry v. State*, 973 So. 2d 1289 (Fla. 4th DCA 2008); *Irizarry v. State*, 946 So. 2d 555 (Fla. 5th DCA 2006). Accordingly, we hold that Bonner's course of conduct occurred within a single criminal episode, and because the firearm was not discharged, the consecutive sentences are impermissible.

The second issue is whether the trial court erred by including a mandatory minimum term in his sentence for aggravated battery while actually possessing a firearm because the mandatory minimum term was not orally pronounced at the sentencing hearing. The State concedes that Bonner is entitled to a new sentencing hearing so that he can be present when the trial court announces the mandatory minimum.

In *Dunbar v. State*, the trial court orally pronounced a life sentence for robbery with a firearm, but failed to include in its oral pronouncement the ten-year mandatory minimum term required by section 775.087(2), Florida Statutes, for the offense. 89 So. 3d 901, 903 (Fla. 2012). Later that day and without the parties present, the trial court entered a written sentencing order including the mandatory minimum term. *Id.* The lead opinion explained that "a defendant's 'right to be present extends to the hearing where her sentence will be reconsidered' because sentencing is 'a critical stage of every criminal proceeding.' In fact, the right to be present at sentencing is 'explicitly provided in the Florida Rules of Criminal Procedure' which requires that '[i]n all prosecutions for crime the defendant shall be present . . . at the pronouncement of judgment and the imposition of sentence.'" *Id.* at 907 (Polston, J.) (quoting *Jackson v. State*, 767 So. 2d 1156, 1160 (2000) and citing Fla. R. Crim. P. 3.180(a)) (internal citations omitted).

Likewise here, although the trial court was required to impose the mandatory minimum sentence pursuant to section 775.087(2) regardless of the oral pronouncement, Bonner had the

6

right to have the mandatory minimum announced at the hearing. The trial court properly declined to strike the required mandatory minimum sentence, but the case needs to be remanded for a sentencing hearing for the trial court to announce the mandatory minimum in Bonner's presence.

The third issue is whether the designation on the judgment and sentence that the convictions for five counts of attempted armed robbery with a firearm are first-degree felonies, instead of second degree felonies, is a reversible error. There is no question that the designations are incorrect and need to be corrected. While armed robbery is a first-degree felony, *see* section 812.13(2)(a), Fla. Stat. (2017) ("If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree . . . ."), attempted armed robbery is a second-degree felony. *See* § 777.04(4)(c), Fla. Stat. (2017) ("[I]f the offense attempted, solicited, or conspired to is a life felony or a felony of the first degree, the offense of criminal attempt, criminal solicitation, or criminal conspiracy is a felony of the second degree . . . ."). The question is whether the error can be corrected through this appeal.

"Sentencing errors" are "harmful errors in orders entered as a result of the sentencing process." *Jackson v. State*, 983 So. 2d 562, 572 (Fla. 2008) (citation omitted). They are "related to the ultimate sanctions imposed, whether involving incarceration, conditions of probation, or costs," *id.* at 573, and can be corrected on direct appeal only if they are preserved in some way, either through a contemporaneous objection or the filing of a motion under rule 3.800(b)(2) during the pendency of the appeal. *Id.* at 569. This special preservation rule applies to scrivener's errors and fundamental errors alike. *Id.* (regarding fundamental errors); *Latson v. State*, 193 So. 3d 1070, 1071 (Fla. 1st DCA 2016) (regarding scrivener's errors).

The incorrect labeling of the offenses in this case is not harmful and does not affect the ultimate sanction imposed; for this reason, the Court has corrected this type of error in other cases. *See Danzy v. State*, 603 So. 2d 1320, 1323 (Fla. 1st DCA 1992) ("Accordingly, the trial court is instructed to correct this judgment on remand to reflect that the offenses to which Danzy

pleaded are second degree felonies, not first degree felonies."). Because the case is being remanded for resentencing, the trial court should address the error for the sake of efficiency.

## III.

In conclusion, the case is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

RAY, MAKAR, and WINSOR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, and Mark Graham Hanson, Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel Steinberg, Assistant Attorney General, for Appellee.