# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-5552

———————————————

ANTHONY M. GARTMAN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Waddell A. Wallace, Judge.

July 25, 2018

PER CURIAM.

In an earlier appeal, we reversed Anthony Gartman's sentences and remanded for resentencing. Gartman now appeals his new sentences, alleging a double jeopardy violation. We affirm.

Gartman was convicted of armed robbery and possession of a firearm by a convicted felon. *See Gartman v. State*, 197 So. 3d 1181 (Fla. 1st DCA 2016). The trial court originally imposed a twelve-year sentence with a ten-year mandatory minimum on Count I (armed robbery) and a six-year sentence with a three-year mandatory minimum on Count II (felon in possession). The court—relying on the then-controlling decision in *Walton v. State*, 106 So. 3d 522 (Fla. 1st DCA 2013), *rev'd*, 208 So. 3d 60 (Fla. 2016)—concluded it had to impose the sentences consecutively and "stack"

the mandatory-minimum terms. Accordingly, the court imposed a cumulative sentence of 18 years with a 13-year mandatory minimum.

While Gartman's first appeal was pending, the Florida Supreme Court decided *Williams v. State*, 186 So. 3d 989 (Fla. 2016), which precluded Gartman's consecutive sentences. We therefore reversed Gartman's sentences and remanded for resentencing in light of *Williams*. *Gartman*, 197 So. 3d at 1182. We did not disturb the convictions. *Id.*

On remand, the trial court—attempting to achieve a "fair outcome" and effectuate its original sentencing intent—sentenced Gartman to 18 years' prison with a ten-year mandatory-minimum for Count I. The court reimposed the original Count II sentence (six years with a three-year mandatory-minimum) and ordered the Count I and Count II sentences to run concurrently. The practical effect of this decision was that Gartman's cumulative sentence remained essentially unchanged, the only difference being a marginally shorter mandatory-minimum term. Gartman objected, arguing that because he had only challenged the legality of his Count II sentence—not his Count I sentence—the court's authority on remand was limited to the ministerial task of adjusting the previously imposed sentences to run concurrently. Gartman essentially argued that, pursuant to this court's mandate, he was to receive a sentence of twelve years' prison with a ten-year mandatory-minimum and the court had no discretion to impose any other sentence.

In a subsequent rule 3.800(b)(2) motion, Gartman renewed his claim that the court had exceeded its authority under the appellate mandate, and he argued the sentencing order violated the Florida and Federal constitutions' prohibitions against double jeopardy by increasing his Count I sentence, which he contended was not at issue in his first appeal. The court denied the motion, and Gartman appealed.

Florida law has long recognized that when a defendant successfully challenges his sentence on one count, a resentencing trial court cannot change sentences relating to other counts, if the appellate court's mandate did not affect those other counts. *See, e.g., Fasenmyer v. State*, 457 So. 2d 1361, 1362 (Fla. 1984). But in

2

this case, our earlier decision reversed Gartman's sentences on *both* counts—not just on Count II. Therefore, "the requirement for concurrent sentences [did] not preclude the trial court on remand from structuring [Gartman]'s sentences in a manner that achieves the original sentencing goal." *Simmons v. State*, 215 So. 3d 162, 163 (Fla. 1st DCA 2017); *see also James v. State*, 845 So. 2d 238, 240 (Fla. 1st DCA 2003) ("[A] trial court is not barred from accomplishing its original sentencing goals where a defendant successfully seeks to have a sentence overturned.") (footnote omitted)).

Gartman argues that he intended to challenge only his Count II sentence in the first appeal. But his arguments in that appeal do not control; what matters is what our decision said. And our decision said that we "vacate the sentences [plural] and remand for resentencing." *Gartman*, 197 So. 3d at 1182. Because the sentences (plural) were vacated, the trial court was left to impose new sentences. Had Gartman viewed our earlier opinion's direction as erroneous, he could have challenged that direction through a motion for rehearing.[1] But it was not up to the trial court to suppose we meant something other than what we said.

---

[1] Gartman did twice move for rehearing in his previous appeal. His first motion asked the court to reconsider its opinion affirming his convictions and sentences. *See Gartman v. State*, 1D15-1875, 2016 WL 697400 (Fla. 1st DCA Feb. 22, 2016), *superseded*, 2016 WL 2610592 (Fla. 1st DCA May 6, 2016). Because the Florida Supreme Court decided *Williams* in the interim, we granted that motion, withdrew our earlier decision affirming, and issued a written opinion explaining that he was entitled to resentencing in light of *Williams*. *See Gartman v. State*, 2016 WL 2610592 (Fla. 1st DCA May 6, 2016), *superseded*, 197 So. 3d 1181 (Fla. 1st DCA 2016). That opinion contained the same language stating that we "vacate the sentences [plural] and remand for resentencing." Gartman then filed a second motion for rehearing asking the court to clarify that neither the mandatory-minimum terms or the underlying sentences could be ordered to run consecutively, which we also granted, resulting in our final published decision. *See Gartman*, 197 So. 3d 1181. But Gartman did not address the portion of our opinion reversing both sentences.

Accordingly, we conclude that the trial court did not err in resentencing Gartman in a manner consistent with its original sentencing goals.[2]

AFFIRMED.

JAY, WINSOR, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and David Alan Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.

_____

The resentencing court correctly noted that our prior mandate "specifically vacated *both* sentences, with the only instruction being that Count Two could not run consecutively, in any manner, to Count One." (emphasis in original).

[2] We note that "Gartman has never challenged his increased sentence as being the product of judicial vindictiveness." Reply Br. at 3; s*ee also Wilson v. State*, 845 So. 2d 142, 148 (Fla. 2003) ("The legal principle referred to as a presumption of judicial vindictiveness has constitutional roots and developed through a line of United States Supreme Court decisions beginning with *North Carolina v. Pearce*, 395 U.S. 711, (1969).").