# Supreme Court of Florida

_____

No. SC17-1598
_____

**ROBERT R. MILLER,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

October 4, 2018

QUINCE, J.

Robert R. Miller seeks review of the decision of the First District Court of Appeal in *Miller v. State*, 224 So. 3d 851 (Fla. 1st DCA 2017). The district court certified that its decision is in direct conflict with the decision of the Fifth District Court of Appeal in *Torres-Rios v. State*, 205 So. 3d 883 (Fla. 5th DCA 2016). We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

## FACTS

Miller was convicted for the kidnapping with a firearm and aggravated battery of Steven Cooley as well as of possession of a firearm by a convicted felon. At sentencing, Miller was determined to be a habitual felony offender ("HFO").

The State argued that the mandatory sentences had to run consecutively under the statute and caselaw. Defense counsel argued that because there was only one victim, the mandatory minimums were not required to run consecutively and requested that they run concurrently. The trial judge agreed with the State that he had no discretion and sentenced Miller to twenty years' incarceration as an HFO on the kidnapping conviction, with a mandatory minimum of ten years, to ten years' incarceration, with a mandatory minimum of ten years as an HFO on the aggravated battery conviction, and to five years' incarceration, with a mandatory minimum of three years as an HFO on the possession conviction. The sentences, including the mandatory minimums, were all consecutive.

Miller appealed his consecutive sentences to the First District, which affirmed. *Miller v. State*, 151 So. 3d 566 (Fla. 1st DCA 2014) (citing *Walton v. State*, 106 So. 3d 522 (Fla. 1st DCA 2013), *quashed*, 208 So. 3d 60 (Fla. 2016)). On appeal, this Court quashed the First District's decision and remanded the case for reconsideration in light of this Court's decisions in *Walton* and *Williams v. State*, 186 So. 3d 989 (Fla. 2016). *Miller v. State*, 42 Fla. L. Weekly S680, 2017 WL 2302346 at *1 (Fla. May 26, 2017).

On remand from this Court for reconsideration pursuant to *Walton*, the First District determined that this Court "did not explicitly discuss a case factually similar to this one, in which appellant committed two gun-related offenses . . . but

appellant's crimes involved only one victim who sustained only one physical injury." *Miller*, 224 So. 3d at 852. The district court therefore reversed and remanded for the trial court to consider "whether, in its discretion, it wishes for appellant to serve his minimum mandatory sentences concurrently or consecutively." *Id.* Miller now seeks this Court's review.

**DISCUSSION**

Because our caselaw reflects that the crimes stemming from a single criminal episode involving a single victim or a single injury may not be sentenced consecutively, we quash the decision of the First District and remand with instructions to remand to the trial court to enter concurrent sentences.

This Court has long held that, where there is a single victim, "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode." *Williams*, 186 So. 3d at 993 (citing *State v. Sousa*, 903 So. 2d 923, 927 (Fla. 2005); *Palmer v. State*, 438 So. 2d 1, 4 (Fla. 1983); *Perreault v. State*, 853 So. 2d 604, 606 (Fla. 5th DCA 2003)). Where, during a single criminal episode, there are multiple victims or multiple injuries to a single victim, consecutive sentences are permitted at the discretion of the trial judge. *See Sousa*, 903 So. 2d at 925-26; *State v. Christian*, 692 So. 2d 889, 890-91 (Fla. 1997); *State v. Thomas*, 487 So. 2d 1043, 1044-45 (Fla. 1986). Where there are not multiple victims or multiple

injuries to a single victim and the defendant does not fire the gun, consecutive sentences are impermissible. *Christian*, 692 So. 2d at 890.

In 1997, we considered the application of section 775.087(2)(a), Florida Statutes (1993), where a defendant fired multiple gun shots at multiple victims during a single criminal episode, concluding:

> As a general rule, for offenses arising from a single episode, stacking is permissible where the violations of the mandatory minimum statutes cause injury to multiple victims, or multiple injuries to one victim. The injuries bifurcate the crimes for stacking purposes. The stacking of firearm mandatory minimum terms thus is permissible where the defendant shoots at multiple victims, and impermissible where the defendant does not fire the weapon.

*Christian*, 692 So. 2d at 890-91. In other words, we determined that consecutive sentences are permissible when a single criminal episode involves either multiple victims or multiple injuries to one victim.

In *Williams v. State*, 186 So. 3d 989 (Fla. 2016), we considered the application of section 775.087(2)(d), Florida Statutes (2008), where a defendant fired shots into the air at four victims in a single episode. As with the defendant in *Christian*, consecutive sentences were permissible because there were multiple victims and the gun was fired. However, we clarified that the statute did not mandate, only permitted, consecutive sentences in that case because they occurred during a single criminal episode. Specifically, we held "that, under the plain language of section 775.087(2)(d), consecutive mandatory minimum sentences are

not required, but are permissible, if the sentences arise from a single criminal episode." *Id.* at 994.[1]

Together, these cases state that section 775.087(2)(d), Florida Statutes (2014), mandates consecutive sentences for specified crimes committed in separate criminal episodes and permits consecutive sentences at judicial discretion for specified crimes committed in a single criminal episode with either multiple victims or injuries. Section 775.087(2)(d) neither mandates nor permits consecutive sentences for crimes committed in a single criminal episode with a single victim or injury in which a firearm is not discharged.

Miller was charged with multiple offenses stemming from a single criminal episode involving a single victim in which the gun was not discharged. Under these facts, consecutive sentences are impermissible. Accordingly, we quash the decision in *Miller* and approve the decision in *Torres-Rios* and remand to the First District for proceedings consistent with this decision.

It is so ordered.

PARIENTE, LEWIS, and LABARGA, JJ., concur.
POLSTON, J., dissents with an opinion.
LAWSON, J., dissents with an opinion, in which CANADY, C.J., concurs.

---

1. The First District asserted that we have not addressed a case factually similar to this one. *Miller*, 224 So. 3d at 852. This reading of our decision in *Williams* ignores the precedent on which *Williams* relied. This Court does not reverse itself sub silentio and the cases upon which *Williams* relied are still good law.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

POLSTON, J., dissenting.

For the reasons I have explained in my dissent in *Williams v. State*, 186 So. 3d 989, 996 (Fla. 2016) (Polston, J., dissenting), I have concluded that "[t]he plain language of section 775.087(2)(d) mandates consecutive sentencing." Therefore, I would deny Miller relief, and I respectfully dissent.

LAWSON, J., dissenting.

This case presents an issue of statutory construction. For the reasons explained by Justice Canady in *Walton v. State*, 208 So. 3d 60, 68-70 (Fla. 2016) (Canady, J., dissenting), and *Williams v. State*, 186 So. 3d 989, 995-96 (Fla. 2016) (Canady, J., concurring in result), I conclude that section 775.087(2)(d), Florida Statutes, neither mandates nor prohibits consecutive sentences for crimes committed in a single criminal episode with a single victim or injury. Accordingly, I would affirm the result reached by the First District below.

CANADY, C.J., concurs.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D13-5503

(Duval County)

Andy Thomas, Public Defender, and Pamela D. Presnell, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Trisha M. Pate and Kaitlin R. Weiss, Assistant Attorneys General, Tallahassee, Florida,

for Respondent