# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3025
_____

LEMAR WHITFIELD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
James Daniel, Judge.


July 9, 2019


PER CURIAM.

Appellant seeks review of the order denying his rule 3.800(a) motion challenging the legality of the sentence imposed on remand after this court vacated his original sentence in *Whitfield v. State*, 200 So. 3d 805 (Fla. 1st DCA 2016). We affirm.

Appellant was convicted of attempted first-degree murder and armed robbery and sentenced to consecutive prison terms of 35 years and 30 years, respectively, with consecutive 25-year mandatory minimum terms on each count. On direct appeal, we vacated the sentence and remanded for resentencing pursuant to *Williams v. State*, 186 So. 3d 989 (Fla. 2016), which held that consecutive mandatory minimums were permissible, but not required, under the 10-20-life statute where, as here, the victim

was shot multiple times during the course of a single criminal episode. *See also Miller v. State*, 265 So. 3d 457, 458 (Fla. 2018) ("Where, during a single criminal episode, there are . . . multiple injuries to a single victim, consecutive sentences are permitted at the discretion of the trial judge.").

On remand, the trial court sentenced Appellant to concurrent prison terms of 65 years, with concurrent 25-year mandatory minimum terms, on each count. Appellant did not appeal this new sentence. Instead, he filed a rule 3.800(a) motion alleging that the new sentence is illegal because the increased prison terms on each count—i.e., from 35 years to 65 years for the attempted murder and from 30 years to 65 years for the armed robbery—violate double jeopardy. The trial court summarily denied the motion and this appeal followed.

Appellant's double jeopardy claim is meritless. It is well-established that resentencing is a de novo proceeding at which the trial court is free to impose any legal sentence that it could have originally imposed, subject to any limitations in the appellate court's mandate. *State v. Collins*, 985 So. 2d 985, 993 (Fla. 2008) ("We have held . . . that a resentencing following a reversal on a sentencing issue does not implicate double jeopardy concerns."); *see also Trotter v. State*, 825 So. 2d 362, 368-69 (Fla. 2002) (noting that a defendant does not have a legitimate expectation of finality in a sentence that he challenged on appeal); *Harris v. State*, 645 So. 2d 386, 388 (Fla. 1994) (same).

Here, the opinion on direct appeal did not place any limits on the trial court's sentencing authority upon remand beyond complying with *Williams*. The fact that the trial court exercised its discretion under *Williams* to impose concurrent mandatory minimum terms, rather than consecutive terms, did not preclude the court from structuring the sentences in a way that achieved its original sentencing goal. *See Blackshear v. State*, 531 So. 2d 956 (Fla. 1988); *Gartman v. State*, 252 So. 3d 321 (Fla. 1st DCA 2018); *James v. State*, 845 So. 2d 238 (Fla. 1st DCA 2003). Although there can be due process issues when a "more severe sentence" is imposed upon resentencing, *see Trotter* 825 So. 2d at 369, there are no such issues here because Appellant's new sentence is the same overall length as his original sentence (65 years) and the new

sentence effectively reduces the mandatory minimum portion of the sentence from 50 years to 25 years. Accordingly, the trial court correctly determined that Appellant's new sentence is legal.

For the foregoing reasons, we affirm the denial of Appellant's rule 3.800(a) motion.

AFFIRMED.

WETHERELL, OSTERHAUS, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Lemar Whitfield, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, Appellee.