# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3421
_____

JOHNNY A. JAMES,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.

July 9, 2019

PER CURIAM.

Johnny James appeals the denial of the rule 3.800(a) motion in which he argued that his 30-year habitual felony offender (HFO) sentence on Count II is illegal because the trial court never properly designated him as an HFO on that count.[1]  We affirm.

---

[1]  It is unclear why this pro se motion was not rejected or stricken as unauthorized because, in the order that was affirmed by this Court in case number 1D12-4742, the trial court prohibited James from filing future pro se pleadings in the underlying criminal case (case no. 1998-270-CF) unless the pleading is signed by a member of The Florida Bar and directed the Columbia County

The claim raised in the current motion is procedurally barred because James unsuccessfully raised the same claim—and variations of it—on direct appeal[2] and in three prior rule 3.800(a) cases that were affirmed on appeal.[3] *See State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003) ("Collateral estoppel . . . precludes a defendant from rearguing in a successive rule 3.800 motion the same issue argued in a prior motion."). Additionally, because this claim was squarely addressed—and rejected—in this Court's opinion on direct appeal,[4] we find this appeal to be frivolous and, pursuant to section 944.279(1), Florida Statutes, we direct the Clerk of this Court to send a certified copy of this opinion to the appropriate institution within the Department of Corrections for potential disciplinary action against James. *See Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that a *Spencer* order is not required before referring the inmate for disciplinary action based upon a frivolous filing). Finally, we caution James that further frivolous postconviction filings may result in an order barring him from proceeding pro se in this Court. *See State v. Spencer*, 751 So. 2d 47 (Fla. 1999).

---

Clerk of Court to reject all pro se pleadings filed by James in that case.

[2] *James v. State*, 845 So. 2d 238 (Fla. 1st DCA 2003).

[3] *James v. State*, Case No. 1D12-45, 90 So. 3d 278 (Fla. 1st DCA 2012) (table); *James v. State*, Case No. 1D09-2646, 22 So. 3d 73 (Fla. 1st DCA 2009) (table); *James v. State*, Case No. 1D08-2526, 990 So. 2d 1064 (Fla. 1st DCA 2008) (table).

[4] *James*, 845 So. 2d at 239-40 ("Appellant now argues that, on resentencing for Count II, the trial court was bound to reduce the sentence to a guidelines sentence. Appellant's argument is premised upon the assertion that the HFO sentence imposed on Count II violates the double jeopardy prohibition and his due process rights because he was not initially subjected to HFO treatment on that count. We reject appellant's argument . . . .").

AFFIRMED.

WETHERELL, OSTERHAUS, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Johnny A. James, pro se, Appellant.

Ashley Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.