DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLAY ROBINSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-535

[March 22, 2023]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weekes, Judge; L.T. Case Nos. 04-20572CF10A, 05-1162CF10A, 05-1163CF10A, and 05-1164CF10A.

Carey Haughwout, Public Defender, and Cynthia L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Clay Robinson appeals an order denying his rule 3.800(a) motion to correct illegal sentence. We affirm because Robinson's claim that the sentencing court misunderstood its options at sentencing is not cognizable under rule 3.800(a) and is otherwise meritless.

In 2005, Robinson entered open pleas to offenses charged in four separate felony prosecutions. The offenses in each case were committed on separate dates and involved different victims. Some of the offenses carried mandatory minimum sentences under the "10-20-Life" statute, section 775.087(2)(a), Florida Statutes (2004). The parties advised the sentencing court that it was required to impose the mandatory minimum sentences in each case consecutively to the mandatory minimum sentences in the other cases. The sentencing court therefore imposed the sentences in each case concurrently with each other but consecutively to the sentences in the other cases. The convictions and sentences were

affirmed on direct appeal and became final in 2013. *See Robinson v. State*, 278 So. 3d 702, 703 (Fla. 4th DCA 2019).

In 2020, Robinson filed a rule 3.800(a) motion to correct illegal sentence, arguing he was entitled to resentencing because the sentencing court mistakenly believed it was required to impose the mandatory minimum sentences in each case consecutively when, in fact, the court had the discretion to impose the sentences concurrently. The trial court denied the motion, and this appeal followed.

We affirm for two reasons. First, Robinson's claim is procedurally barred and not cognizable under rule 3.800(a). As recognized by Robinson, the sentences he received were technically not illegal because they could have been imposed under Florida's sentencing laws. *See Johnson v. State*, 9 So. 3d 640, 640–41 (Fla. 4th DCA 2009) (recognizing that because the defendant's sentences were technically not illegal, "[u]nder settled law, he would be procedurally barred from raising errors regarding the imposition of the sentence because the law of this case is that the sentence is valid"); *see also Martinez v. State*, 211 So. 3d 989, 991 (Fla. 2017) (holding that "to be subject to correction under rule 3.800(a) a sentence must be 'one that no judge under the entire body of sentencing laws could possibly impose'" (citation omitted)).

Second, even if we were to treat this appeal as a petition for a writ of habeas corpus, Robinson is not entitled to relief because the sentencing court was required to impose the mandatory minimum sentences consecutively. Section 775.087(2)(d), Florida Statutes (2004), provides that mandatory minimum sentences imposed under the 10-20-Life statute must be imposed "consecutively to any other term of imprisonment imposed for any other felony offense." Under this provision, mandatory minimum sentences must be imposed consecutively when the qualifying offenses were committed during separate criminal episodes and were prosecuted in separate cases. *See Miller v. State*, 265 So. 3d 457, 459 (Fla. 2018) ("[S]ection 775.087(2)(d), Florida Statutes (2014), mandates consecutive sentences for specified crimes committed in separate criminal episodes and permits consecutive sentences at judicial discretion for specified crimes committed in a single criminal episode with either multiple victims or injuries."); *Jean-Michel v. State*, 96 So. 3d 1043, 1046 (Fla. 4th DCA 2012) (holding that consecutive sentences were required under the 10-20-Life statute for firearm offenses charged in separate cases).

*Affirmed.*

2

MAY and DAMOORGIAN, JJ., concur.
CIKLIN, J., concurs in result only.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***